Eli L. **MEDUNIC** and Dolores M. **Medunic**

v.

Louis W. **LEDERER**, Appellant.

No. 75–1320.

United States Court of Appeals, Third Circuit.

Argued Jan. 23, 1976.

Decided April 19, 1976.

---

James M. Marsh, Edward R. Paul, La-Brum & Doak, Philadelphia, Pa., for appellant.

Ronald I. Rosenstein, Rosenstein & Kleitman, Norristown, Pa., for appellees.

Before HUNTER, KALODNER and GARTH, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

In this diversity action for damages, allegedly incurred in an automobile accident, a default was entered against the defendant-appellant Louis W. Lederer for failure to answer or otherwise plead to the plaintiffs-appellees' complaint within 20 days after its service. The district court subsequently orally denied the defendant's motion to set aside the default and forthwith proceeded to a non-jury trial on the issue of damages only.[1] Thereafter, the district court filed a "Memorandum" in which it grounded its denial of the motion to set aside the entry of default on " 'gross,' or 'inexcusable' " negligent failure to answer the complaint. 64 F.R.D. 403, 406 (E.D.Pa. 1974). The Memorandum was accompanied by an Order denying defendant's motion.

The district court later filed "Findings of Fact and Conclusions of Law"[2] in which it assessed damages in the amount of $4,250 in favor of the plaintiff-appellee Eli L. Medunic and $14,250 in favor of the plaintiff-appellee Dolores M. Medunic.

The defendant contends on this appeal that the district court erred (1) in abusing its permissible discretion in denying his motion to set aside the entry of default, (2) in ordering him to stand trial on the issue of damages "without the benefit of an opportunity for discovery or for obtaining medical examination of the plaintiffs," and (3) in permitting the plaintiffs to testify as to their injuries and medical bills, and loss of earnings, without corroborative medical testimony and proof of their earnings.

We do not reach the defendant's second and third contentions since we are of the opinion that the district court abused its permissible discretion in denying the defendant's motion to set aside the entry of default on its narrow finding that *the defendant's insurance company* was guilty of " 'gross,' or 'inexcusable' " negligence "in permitting a default or default judgment[3] to be filed against its insured." 64 F.R.D. at 406.

Discussion of our holding must be prefaced by this summarization of the facts:

On April 18, 1974 the plaintiffs, Pennsylvania residents, filed a complaint against the defendant, a resident of New York. It

---

1. N.T. July 8, 1974 "In Chambers" hearing on the defendant-appellant's motion to set aside the entry of default. App. 24a.

2. App. 89a–93a.

3. The record below shows only the entry of a default.

alleged that the plantiffs were injured when the defendant's automobile, suddenly and without warning, attempted to make a left hand turn in front of their automobile forcing it to swerve off the road into a telegraph pole in order to avoid a head-on collision.

The plaintiffs' complaint was endorsed with notice to plead within 20 days. It was served on the defendant by registered mail on May 2, 1974, and he mailed it to his insurance agent who in turn forwarded it to the Nationwide Insurance Company, the defendant's insurer.

The defendant failed to plead or respond to the complaint and a default was entered against him on June 4, 1974, at the plaintiffs' instance, pursuant to Fed.R.Civ.P. 55(b)(1).

On June 11, 1974 the district court sent a notice to the defendant that the case would be scheduled for pre-trial conference.

On June 18, 1974, the defendant was notified that the case would be listed for trial as to damages on July 8, 1974.

On July 8, 1974, counsel for the parties met with the trial judge in his chambers. The defendant's counsel at that time requested a continuance of the scheduled trial and at the same time filed a motion to set aside the entry of the default. In doing so, the defendant's counsel stated that he had earlier contacted the plaintiffs' counsel and without avail had requested vacation of the default. The motion to set aside the default stated that the defendant's failure to enter his appearance was due "to inadvertence and excusable neglect of defendant's insurance carrier," and that the defendant "has a good and sufficient defense to the claim of the plaintiffs, as more particularly appears from the affidavit attached hereto."

The affidavit referred to was executed by the defendant's counsel. It stated in relevant part that (1) the plaintiffs' complaint was not answered due to its misfiling by the insurance carrier in the file of another suit instituted by the plaintiffs against the insurer arising out of the accident involved in the instant action; and (2) the "[d]efendant has a meritorious and legal defense on the merits to the claim set forth in the Plaintiffs' Complaint . . . in that the defendant was in no way responsible for the accident involved herein."

The affidavit was accompanied by an accident report (Exhibit C) of the Pennsylvania State Police which stated that the plaintiffs' automobile was being operated "too fast for conditions" at the time of the accident.

The defendant's motions to set aside the default and to continue the trial were orally denied at the July 8, 1974 in-chambers conference, and the case forthwith proceeded to trial without a jury on the issue of damages only.

On October 4, 1974 the district court filed the "Memorandum," earlier adverted to, which grounded its denial of the defendant's motion to set aside the default on the "gross" and "inexcusable" negligent failure of the defendant's insurance company to timely answer the complaint.

As earlier stated, we are of the opinion that the district court abused its permissible discretion in denying the defendant's motion to set aside the default entered in favor of the plaintiffs on the sole ground that defendant's insurance company negligently failed to timely plead to the plaintiffs' complaint. The district court erred when it failed to consider these questions: (1) whether granting of the motion would work prejudice to the plaintiffs, and (2) whether a meritorious defense had been presented by the defendant in support of his motion to set aside the default.

We have specifically held that a district court cannot rest its denial of a motion to set aside a default judgment on the defendant's negligent failure to timely plead to a complaint, without determining whether prejudice would accrue to the plaintiff if the motion were granted, and whether a meritorious defense has been presented in support of the set aside motion. In doing so, we noted that a standard of "liberality," rather than "strictness"

should be applied in acting on a motion to set aside a default judgment, and that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245–46 (3d Cir. 1951).

We affirmed, without published opinion, 487 F.2d 1395 (1973), *Schartner v. Copeland,* 59 F.R.D. 653 (M.D.Pa.1973) where the district court cited and applied *Tozer, supra.*

Other circuits are in accord. *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969); *Barber v. Turberville,* 94 U.S.App.D.C. 335, 218 F.2d 34, 36 (D.C.Cir. 1954); *Erick Rios Bridoux v. Eastern Air Lines,* 93 U.S.App. D.C. 369, 214 F.2d 207, 210 (D.C.Cir.), *cert. denied,* 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954).

The requirement that a standard of liberality should be applied in considering a motion to set aside a default, was applied in *Pulliam v. Pulliam,* 156 U.S.App.D.C. 25, 478 F.2d 935, 936 (1973); *Hutton v. Fisher,* 359 F.2d 913, 916 (3d Cir. 1966); *Rooks v. American Brass Company,* 263 F.2d 166, 169 (6th Cir. 1959).

This, too, must be said with respect to the district court's denial of the defendant's motion to set aside the default on the ground that the defendant's insurance company had negligently failed to timely plead to the complaint.·

In *Tolson v. Hodge, supra,* it was held that neglect of the defendant's insurance company to timely plead to the plaintiff's counterclaim could not be attributed to the defendant in acting on his motion to set aside a default judgment.

In *Erick Rios Bridoux, supra,* it was held that *six months* "was within a reasonable time [to move for vacation of a default judgment], in view of the provision in Rule 60(b) [Fed.R.Civ.P.] that a motion grounded

upon mistake, inadvertence, surprise or excusable neglect, may be filed within one year."

For the reasons stated, the January 23, 1975 Order of the district court entering judgment for damages in favor of the plaintiffs, and the October 4, 1974 Order of the district court denying the defendant's motion to set aside the default will be reversed and the cause remanded to the district court with directions to grant the defendant's motion to set aside the default and to grant a new trial on the issues of liability and damages.[4]

The costs of this appeal will be taxed to the defendant. *Tozer, supra,* at 246.

---

4. We assume that the district judge will take cognizance of the requirement that the plaintiff's claim for reimbursement of medical bills must be supported by medical testimony that "the charges were reasonable," and that "the services for which they were rendered were necessary" and "related to the trauma suffered in the accident," *Piowoz v. Iannocone,* 406 Pa. 588, 597, 178 A.2d 707, 711 (1962), and that corroborative proof must be adduced as to loss of earnings and earning power, *Gordon v. Trovato,* 234 Pa.Super. 279, 286, 338 A.2d 653, 657 (1975).