Joseph CARUSO et al.

v.

**DRAKE MOTOR LINES, INC. and Highway Truck Drivers and Helpers Local 107.**

Civ. A. No. 77–1874.

United States District Court,
E. D. Pennsylvania.

Memorandum and Order Jan. 13, 1978.
On Motion for Preliminary Injunction
Feb. 17, 1978.

Stephen Springer, LaBrum & Doak, Philadelphia, Pa., for plaintiffs.

John F. Dougherty, Jr., Philadelphia, Pa., for Union.

Steven M. Tannenbaum, Michael P. Mullen, Shulman Transport Enterprises, Inc., Cherry Hill, N. J., for Drake Motor Lines.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

On September 8, 1977, a default was entered against defendant Drake Motor Lines as it failed to answer or otherwise respond to the complaint filed by the plaintiffs on May 27, 1977. The defendant moved on October 5, 1977, to set aside the default under Rule 60(b)(1) of the Federal Rules of Civil Procedure. As this case has been recently assigned to this Court, the motion is before it, and the Court, upon consideration of the motion, has decided to grant it.

In this labor case, the plaintiffs are suing their employer, Drake Motor Lines, for breaching their collective bargaining agreement by refusing to allow these plaintiffs to "bump" other employees and by laying off these plaintiffs. The plaintiffs also have joined their union, Highway Truck Drivers and Helpers Local 107, as a defendant seeking redress for the union's alleged failures to process plaintiffs' grievances and represent their interests. While the union timely filed its response to the plaintiffs' complaint, the employer did not.

However, this Court finds that an element of "excusable neglect" lies behind the defendant employer's failure to respond

and justifies setting aside the default that was entered as a result of this failure. Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, a party may be relieved of a default if the judgment was entered because of the party's excusable neglect and the party makes a motion to set aside the judgment within a reasonable time after its entry, in any event, no later than one year after the judgment was taken. While the courts have been instructed to view motions to set aside defaults liberally, these motions are not granted *pro forma* and therefore the courts have a duty to see that the facts justify granting the motion.

■ To determine whether a motion to set aside a default should be granted on the basis of excusable neglect certain factors should be considered. First, of course, the movant is required to comply with the time element prescribed in Rule 60(b)(1). Here, it is clear that the defendant employer satisfied that requirement as it filed its motion to set aside less than one month after the default was entered which appears to be within a reasonable time to make the motion, and certainly less than one year after the judgment was entered.

■ The second factor that must be considered is the reason why the movant failed to respond to the complaint. In this case, the defendant, by affidavit submitted by its attorney, claims that the attorney did not know the action had been filed which resulted because of a mistake by his secretary. In the affidavit, the attorney asserts that when the summons and complaint reached the legal department of the defendant, his secretary filed the matter without bringing it to his attention as she thought that he was personally served by the U. S. Marshal and aware of the action. He also claims that although he was aware that the union had been served, when he called the Clerk of Court to learn if Drake Motor Lines, Inc. had been served, he was notified that service had not been made. He did not learn that service was made until September 15, 1977, when his office received a notice of a deposition in this matter; by that time the default already had been en-tered. This Court finds that these facts show that although there was negligence involved in the defendant's failure to respond to the complaint as the attorney and his secretary should have investigated the matter more thoroughly, there appears to be no culpable conduct involved. To penalize the defendant in this situation for the negligence of its attorney and his secretary, would seem unfair and to go against the mandate that the Court of Appeals gave in *Medunic v. Lederer,* 533 F.2d 891 (3d Cir. 1976), where it directed that

" . . . a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.' " *Id.* at 894.

And generally, the courts accept the proposition that parties should not be penalized for the negligence of their attorneys except in extreme and unusual circumstances. *Hassenflu v. Pyke,* 491 F.2d 1094 (5th Cir. 1974). Thus, the Court concludes that under all the circumstances, the failure to respond appears to be a matter of excusable negligence.

■ But before the Court finally decides the issue and grants the motion, it is necessary to look at two other factors that are essential to making this determination. In *Medunic v. Lederer,* 533 F.2d 891 (3d Cir. 1976), the Court of Appeals found that the district court must also consider the following questions:

"(1) Whether granting of the motion would work prejudice to the plaintiffs, and (2) whether a meritorious defense had been presented by the defendant in support of his motion to set aside the default." *Id.* at 893.

Starting with the second question first, as it presents less difficulty, the Court concludes that the defendant has presented a meritorious defense. Defendant, in part, contends that it has not breached the collective agreement and that the plaintiffs are misreading the terms of that agreement. If the defendant's position is correct, this

would amount to a defense of the action. Also defendant claims that the plaintiffs failed to exhaust their internal remedies and this too may be a defense to this action. Therefore, it appears that the defendant has alleged the elements of meritorious defense.

██ It is necessary, then, to finally consider what prejudice, if any, would result to the plaintiffs by granting the defendant's motion. The plaintiffs claim that every day final judgment is postponed, they are seriously prejudiced because they are without employment, without a source of income to support themselves and their families, and do not have the medical and other fringe benefits provided under the collective bargaining agreement. Delay in this litigation then seems to be the factor that the plaintiffs claim prejudices them; however, the delay factor is always present whenever default judgments are opened. *Thorne v. Commonwealth of Pennsylvania, Eastern Pennsylvania Psychiatric Institute,* 77 F.R.D. 396 (E.D.Pa. filed December 14, 1977). Perhaps, indeed, the delay involved here may cause these plaintiffs to suffer more harm than plaintiffs in other cases. However, upon balancing this delay, with the policy of allowing cases to proceed upon the merits, this Court concludes that the balance tips in favor of granting the defendant's motion. The harm that could result to the plaintiffs by granting the motion would be greatly reduced by seeking and getting speedy resolution to the case. The plaintiffs have filed a motion for a preliminary injunction seeking to protect their rights and themselves from further harm. The Court intends to give immediate attention to this matter and will demand that all parties do the same, in order to minimize any prejudice the plaintiffs may suffer as a result of the granting of this motion.

██ In conclusion, the Court upon consideration of all the facts and circumstances of this case will order that the default be set aside and that the defendant file its answer within five days of this order. A hearing on the preliminary injunction motion will be scheduled shortly thereafter.

## ON MOTION FOR PRELIMINARY INJUNCTION

On January 13, 1978, this Court set aside a default judgment which had been entered in this labor case against the defendant employer. At that time, the Court recognized that to avoid possibly prejudicing the rights of the plaintiff employees, this case was to be given immediate attention. A hearing was scheduled for January 17, 1978, on the plaintiffs' motion for a preliminary injunction. At the hearing it became evident that the plaintiff employees had not yet exhausted the grievance procedures established by their collective bargaining agreement. Therefore, for the reasons set forth below, the motion for a preliminary injunction must be denied.

The plaintiff employees bring this action against their employer and union. They claim that their employer breached its collective bargaining agreement by refusing to allow these plaintiffs to "bump" other employees and by "laying off" these plaintiffs. The union is joined as a defendant for allegedly failing to process plaintiffs' grievances and failing to adequately represent the plaintiffs' interests. A preliminary injunction is sought to redress the practices of the employer and the union.

At the hearing for a preliminary injunction, it became clear that all the steps in the internal employer-employee grievance procedure have not yet been satisfied. The plaintiffs' case has been processed through the first two levels of the grievance procedures. The joint management-union committees at those levels deadlocked on the plaintiffs' grievance. At the time of the hearing before this Court, a hearing before the Eastern Conference Joint Area Committee was scheduled for January 25, 1978. Thus, the grievance procedure envisioned by the collective agreement had not yet been completed.

██ Plaintiffs ask that this Court interfere with the procedure established between the management, union and employees, and adjudicate the substance of the

grievance without waiting until the internal procedures are exhausted. However, such interference with the internal grievance procedures established by the parties would be unwarranted and beyond the scope of the power given to the courts by Congress. Under § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, the federal courts are given the power to enforce collective bargaining agreements. However, in a case where an employee brings an action against an employer for breach of the collective bargaining agreement, the Supreme Court has instructed that,

"Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967).

Given that the grievance procedure provided for in the collective bargaining agreement here is the exclusive remedy under the contract for redressing breaches of the agreement, it would appear that until the plaintiffs exhaust their contractual remedies under the agreement, they are precluded from seeking judicial redress for the employer's breach of the agreement.

 However, there are several exceptions to the exhaustion requirement that, if satisfied, would allow for judicial review of a breach of contract claim despite the employee's failure to follow the contractual remedial procedures. The first situation which gives the employee freedom to avoid the internal grievance procedures and seek immediate relief from the federal courts occurs when the employer's conduct "amounts to a repudiation of those contractual procedures." *Vaca v. Sipes,* 386 U.S. at 185, 87 S.Ct. at 914. This case does not fall within that situation, as no evidence has been presented which would lead the Court to conclude that the employer has been unwilling to follow the grievance procedures; in fact, here, the employer has

already gone through the first two levels of the internal process. The second exception to the exhaustion requirement applies when,

" . . . the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and if,*
 . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Vaca v. Sipes,* 386 U.S. at 185, 87 S.Ct. at 914.

In this case, the evidence has been that the union has processed the grievance and therefore this second exception does not apply. The third situation which permits the employee to avoid the exhaustion requirements arises when "the effort to proceed formally with contractual or administrative remedies would be wholly futile." *Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969). The plaintiffs in this case do allege that proceeding with the grievance procedure here would be wholly futile, as they contend that the union refuses to advocate the plaintiffs' position and represent their interest in the grievance procedure, even though they have processed the plaintiffs' grievance. · However, this Court does not find that the plaintiff's allegation, even if true, sufficiently establishes that proceeding with the grievance procedure would be "wholly futile." At the two lower levels of the grievance procedure the joint management union committee has deadlocked. There is no reason for this Court to conclude, therefore, that the plaintiffs' effort before the Eastern Conference would be wholly futile. Upon presentation of the plaintiffs' case before the Eastern Conference, the members of the joint management-labor committee might decide that the plaintiffs' position was correct. Unlike the case presented to the Supreme Court in *Glover v. St. Louis-San Francisco Railway Co.,* where the plaintiffs alleged that the union and the employer had conspired and were acting in concert to establish a scheme to bar Blacks from promotion because of race, there is no evidence or allegation here

that the employer and union members of the Eastern Conference have conspired to deny these plaintiffs their rights. Therefore, this Court must conclude that the plaintiffs' case does not fall within the third exception to the exhaustion requirement, and that therefore, their failure to exhaust the internal grievance remedies cannot be excused.

In conclusion, this Court must deny plaintiffs' motion for a preliminary injunction. The Court will retain jurisdiction of this matter, in order to allow the plaintiffs, if they are not satisfied with the results of their contractual remedies, to return to this Court to pursue their claims against the employer and union.