**UNITED STATES of America, Plaintiff,**

v.

**Lilyanatta BERGER, Defendant.**

**Civ. A. No. 80–441.**

United States District Court,
W. D. Pennsylvania.

June 10, 1980.

Philip P. O'Connor, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Howard Singer, Pittsburgh, Pa., for defendant.

### MEMORANDUM

MARSH, District Judge.

The Summons and Complaint in the above-entitled action were filed on April 1, 1980, and served on April 4, 1980, with notice to answer within twenty days after service. No appearance was entered nor Answer filed and on April 28, 1980, judgment by default was entered against the Defendant and in favor of the Plaintiff in the sum of One Thousand ($1,000.00) plus interest thereafter at 6% per annum and costs.

On May 9, 1980, the Defendant, by her attorney, filed a Petition to Open the Default Judgment. It is our opinion that the judgment should be opened.

On May 9, 1980, the Court ordered the Defendant to submit a verified Answer to the Complaint on or before May 16; and

fixed May 27 at 10:00 a. m. as a time for an evidentiary hearing. No evidence was presented at the hearing. In the Petition to Open Judgment it was stated by the Defendant's attorney that within two weeks after service of the Complaint, a copy was delivered to him for the purpose of filing an Answer to the Complaint; that he was hospitalized and unable to prepare and file an Answer to the Complaint. The Court ordered affidavits from the hospital and attending doctor.

At the hearing and in Plaintiff's Response to Defendant's Petition to Open Judgment, it did not appear that any prejudice would accrue to the plaintiff if the judgment were opened.

Subsequently, an affidavit executed by the Business Manager of the Montefiore Hospital was submitted in which he stated that Defendant's attorney received emergency out-patient care at the hospital on Sunday, April 20, and entered the hospital for in-patient care on Wednesday, April 23, and remained in the hospital through Saturday, April 26.

An affidavit executed by Terence Starz, M.D. confirmed that Defendant's attorney was admitted to the Montefiore Hospital for the period stated by the Business Manager of the hospital.

Defendant's attorney also stated in the Petition to Open which was admitted in Plaintiff's Response, that he telephoned the Assistant United States Attorney in charge on April 29, requesting "that he not enter Judgment by Default because Defendant's attorney had returned to work from the hospital that very day," but was informed by the Assistant United States Attorney that the Default Judgment had been entered on April 28, 1980.

An Answer, verified by the Defendant, was filed on May 14, 1980 setting forth a meritorious defense.

The Complaint alleges, inter alia, that in the galley area of a United Airline plane, the Defendant began to scream at a flight attendant; the seat belt sign was on; the flight attendant asked the Defendant to return to her seat and attempted to guide the Defendant to her seat, whereupon the Defendant assaulted and interfered with the flight attendant in the performance of duty, to-wit: "the Defendant yelled 'don't touch me' and slapped the flight attendant in the face."

In her verified Answer, the Defendant admits the seat belt sign was on but denies that she screamed at a flight attendant, and denies that she assaulted and interfered with a flight attendant in the performance of duty; and affirmatively avers that Defendant never slapped a flight attendant in the face.

It appears that Defendant's attorney is a sole practitioner. It also appears that he was given a copy of the Complaint by the Defendant on or about April 18, viz. "within two weeks of the Complaint being served." Thereafter, Defendant's attorney became ill, was hospitalized, and did not return to his office until Tuesday, April 29, the day after the Default Judgment had been entered. It seems obvious that the Defendant's attorney could have telephoned the United States Attorney, or had his secretary do so, during the period from on or before April 18th through April 27th and requested time to file an Answer on behalf of the Defendant. However, we do not think counsel's neglect in this respect should be visited upon his client.

Rule 60(b) of the Rules of Civil Procedure, 28 U.S.C.A. provides:

"On motion and upon such terms as are just, the Court may relieve a party . . from a final judgment . . . for the following reasons: (1) . . . excusable neglect . . ."

This provision permitting the setting aside of a judgment taken against one where there is excusable neglect should be liberally construed. It is remedial in character and should be so applied as to dispose of cases upon their substantial merits and to give to a party claiming in good faith to have a substantial defense to the action an opportunity to present it. *Medunic v. Lederer*, 533 F.2d 891 (3rd Cir. 1976); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242,

245 (3rd Cir. 1951); *Caruso v. Drake Motor Lines, Inc.*, 78 F.R.D. 586 (E.D.Pa.1978).

■ Generally courts accept the proposition that parties should not be penalized for the negligence of their attorneys except in extreme and unusual circumstances. *Hassenflu v. Pyke*, 491 F.2d 1094 (5th Cir. 1974).

■ In our view of the rule and its application, all that is required to be shown is that there is no prejudice to the Plaintiff; the fault was excusable; and there is merit in the appeal to the Court for judicial relief. This is established by the Petition to Open Judgment; the Answer sworn to by the Defendant setting up a meritorious defense; and the affidavits of the hospital and doctor. Even though there appears to be an element of neglect on the part of the Defendant's attorney in his failure to communicate with Plaintiff's attorney, no culpable conduct appears to be involved, and thus his neglect should not be visited upon the Defendant who has sworn to a meritorious defense. It is our opinion that in all the circumstances, to penalize the Defendant for the negligence of her attorney would seem unfair. *Hassenflu v. Pyke*, supra.