## LIBERTY NATIONAL BANK AND TRUST COMPANY, Plaintiff,

### v.

## Maylan YACKOVICH and Helen Yackovich, his wife; and George E. Karsnack and Joan M. Karsnack, his wife, Defendants.

### Civ. A. No. 80–1315.

United States District Court, W.D. Pennsylvania.

Aug. 24, 1982.

Leonard Fornella, Pittsburgh, Pa., Eugene J. Smolka and Anthony J. Latona, Buffalo, N.Y., for plaintiff.

Thomas R. Ceraso, Greensburg, Pa., for Yackovich.

Richard Wile, Pittsburgh, Pa., for Karsnack.

### MEMORANDUM OPINION

BLOCH, District Judge.

In this diversity action, plaintiff, Liberty National Bank and Trust Company, filed an initial complaint against defendants, Maylan Yackovich and Helen Yackovich, alleging default on a demand note and requesting judgment in the amount of $54,737.18. Allegedly, defendant, Maylan Yackovich, in July of 1979, executed a demand note on behalf of South West Construction Company, Inc., (hereinafter referred to as "South West") agreeing to pay to plaintiff $50,000 on demand after November 21, 1979, plus interest from November 21, 1979, at the rate of two percent per annum. As consideration for Yackovich's signature on the demand note, plaintiff allegedly loaned South West the sum of. $50,000. In the course of discovery, plaintiff took the deposition of George E. Karsnack. In that deposition, Karsnack testified that South West transferred the aforementioned loan proceeds to Karsnack, on behalf of the Surftex Company (hereinafter referred to as "Surftex") of which Karsnack is president, as repayment for previous loans. After the

taking of said deposition, the plaintiff filed an amended complaint, joining George E. Karsnack and his wife, Joan M. Karsnack, as defendants in this action. The amended complaint was filed on May 21, 1981. The Karsnacks failed to file an answer to plaintiff's complaint, and plaintiff secured a default judgment against George E. Karsnack and Joan M. Karsnack for failure to plead to plaintiff's complaint on June 16, 1981. The Karsnacks now move this Court to set aside the default judgment entered against them.

In support of their motion, the Karsnacks filed two affidavits, one by George E. Karsnack and the other by Attorney Stanton D. Levenson. Both affidavits state essentially the same thing. The affidavits claim that after being served with a copy of plaintiff's complaint, the Karsnacks contacted Attorney Levenson to represent them in this matter. Mr. Levenson allegedly represented the Karsnacks in all legal matters from 1975 through the time of receipt of the aforementioned complaint. Mr. Levenson informed the Karsnacks that he would not prepare and file an answer to plaintiff's complaint on their behalf until they paid him a portion of the large sum of money that they owed him for past services. The Karsnacks said that they were unable to make payment at that time, and Mr. Levenson did not prepare an answer; however, Mr. Levenson alleges that he did call plaintiff's counsel and request that plaintiff give Karsnacks notice before taking a default judgment. Mr. Levenson states that plaintiff's counsel agreed to give such notice, but failed to do so before taking the default judgment on June 16, 1981. As stated, the Karsnacks now move, through newly acquired counsel, for vacation of the default judgment. This Court hereby grants the Karsnack motion.

■ Initially, plaintiff claims that the Karsnack motion should be denied because they waited nearly six months from the time of entry of default judgment to file this motion. The Court sees no merit in plaintiff's contention. The Karsnacks seek relief from judgment pursuant to Fed.R.

Civ.P. 60(b)(1), (3), and (6). Rule 60(b) specifically states that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." In this case, the Karsnacks took action within the one-year period. Additionally, the Third Circuit has determined that a delay of six months is within a reasonable time to move for vacation of a default judgment. *Medunic v. Lederer,* 533 F.2d 891, 894 (3d Cir.1976). Having dismissed plaintiff's timeliness argument, this Court now turns its attention to the merits of the Karsnacks' motion.

■ As stated above, the Karsnacks request relief from judgment in this action pursuant to Rule 60. The general purpose of Rule 60 is to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Secretary of Health, Education and Welfare,* 572 F.2d 976, 977 (3d Cir.1978). Further, Rule 60 is addressed to the sound discretion of the court. *Id.* The Karsnacks seek relief pursuant to the following provisions: Rule 60(b)(1), which provides relief for mistake, inadvertence, surprise, or excusable neglect; Rule 60(b)(3), which provides relief for fraud, misrepresentation, or other misconduct of an adverse party; and Rule 60(b)(6), which provides relief for any other reason justifying relief from the operation of the judgment. The Court does not believe that the Karsnacks have established fraud, misrepresentation, or misconduct on the part of plaintiff, but does believe that relief is appropriate due to the presence of mistake and excusable neglect. The Karsnack and Levenson affidavits clearly establish that the Karsnacks did not file an answer within the required period because of financial difficulty. The affidavits further establish that plaintiff agreed to inform them before taking a default judgment. The plaintiff apparently failed to give such notice and did not file a counter-affidavit to refute the Karsnack position. Accordingly, the Court determines that the answer was not filed due to excusable neglect.

Please note, however, that the Court cannot rest its granting or denial of the motion to set aside the default judgment merely upon consideration of whether or not the answer was timely filed. The Third Circuit has clearly mandated that two additional considerations are necessary. In *Medunic v. Lederer, supra* at 893, the Third Circuit stated that the court must also consider whether the plaintiff will be prejudiced if the motion is granted and whether a meritorious defense is asserted by the defendant. In answering these two questions, the Court must apply a liberal standard, and any doubt must be resolved in favor of vacating the judgment so that the case can be decided on its merits. *Id.* at 893–94. Accordingly, the Court shall now review this case in light of these two additional considerations.

In its brief, the plaintiff failed to inform the Court how it would be prejudiced by the setting aside of the default judgment. The plaintiff amended its complaint to include the Karsnacks, obviously intending to go to trial to establish liability and damages against them. Since plaintiff has failed to inform the Court how they would be prejudiced by the re-entry of the Karsnacks in this litigation and since the interests of justice are best served by a trial on the merits, this Court believes that the default judgment should be set aside and that the case should proceed to trial. The other defendants in this action, Mr. and Mrs. Yackovich, have also filed a brief opposing the Karsnack motion. In that brief, they allege that they would be prejudiced by the granting of the Karsnack motion because the default judgment constitutes an admission of the Yackovichs' primary defense—that this was simply an unjust enrichment situation. The Court discounts the Yackovich contention for two reasons. First, there is no requirement that the Court consider any prejudice that may result to another defendant. Second, the Court is not convinced that this defense, on its face, is a meritorious defense that would prevent the imposition of liability against Mr. and Mrs. Yackovich.

The defense asserted by the Karsnacks does, however, appear to be a meritorious defense that, if established, could prevent liability. The Karsnacks allege that they can establish that the $50,000 transferred to Surftex was in repayment of a legitimate debt owed by South West to Surftex. If established, this defense could absolve the Karsnacks of any liability.

Other minor considerations espoused by the Third Circuit necessitate a vacating of the default judgment in this case. In *Livingston Powdered Metal, Inc. v. National Labor Relations Board*, 669 F.2d 133, 136 (3d Cir.1982), the Third Circuit stated that the court should consider whether the default was willfully caused by the defendant. Here, there is no indication that the Karsnacks willfully or intentionally caused the default. Additionally, " 'matters involving large sums should not be determined by default judgment if it can be reasonably avoided' since 'the interests of justice are better served by a trial on the merits.' " *Id.* at 136–137, citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir.1951). The judgment against the Karsnacks in this case was for a sum in excess of $75,000. The Court considers that to be a large sum of money; accordingly, the interests of justice will be best served by a trial on the merits in this case. For the foregoing reasons, the motion of defendants Karsnacks will be granted.

An appropriate Order will be issued.

### ORDER

AND NOW, this 24th day of August, 1982, upon consideration of the Motion to Set Aside Judgment filed by Defendants, George E. Karsnack and Joan M. Karsnack, in the above captioned matter on January 5, 1982,

IT IS HEREBY ORDERED that said Motion is GRANTED.