**ALLEGHENY INTERNATIONAL CREDIT CORPORATION, Plaintiff,**

v.

**VIRGINIA CHAIN DISTRIBUTORS, INC., Defendant.**

Civ. A. No. 82–1211.

United States District Court,
W.D. Pennsylvania.

Nov. 10, 1982.

Samuel W. Braver, Pittsburgh, Pa., for plaintiff.

John P. Gismondi, Pittsburgh, Pa., for defendant.

MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, Allegheny International Credit Corporation, a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania, initiated this diversity action against defendant, Virginia Chain Distributors, Inc., a corporation believed to be incorporated in the State of Virginia with its principal place of business in Virginia, alleging default on a financing and security agreement and requesting judg-

ment in the amount of $124,618.83 plus finance charges from June 15, 1982, attorney's fees, and costs of suit. Allegedly, plaintiff and defendant entered into a financing and security agreement, pursuant to which plaintiff agreed to finance defendant's purchase of certain equipment. The complaint alleges that the plaintiff did, in fact, loan defendant the principal amount of $109,725.08 for the purchase of the equipment. The plaintiff contends that defendant failed to make the scheduled payments and to pay the curtailment and finance charges when due. Accordingly, in the complaint, plaintiff requests judgment against the defendant for the principal amount of $109,725.08, plus finance charges through June 15, 1982, of $14,893.75, resulting in the $124,618.83 figure mentioned above. The record indicates that defendant was served with a summons and complaint, by certified mail, at its principal place of business in Radford, Virginia.[1] The president of the defendant corporation signed a return receipt evidencing that service had been received at the Radford, Virginia, place of business on June 30, 1982. The defendant failed to plead or otherwise defend in the action, and plaintiff requested that default be entered on July 22, 1982.[2] The clerk entered default in favor of the plaintiff and against the defendant, pursuant to Fed.R.Civ.P. 55(a), on the same date, July 22, 1982. In addition to its request for the entry of default, plaintiff requested the entry of default judgment in the amount of $127,146.81. To support this request, the plaintiff filed an affidavit indicating that the requested figure was comprised of the principal amount of $109,725.08 plus finance charges, through July 22, 1982, of $17,421.73. The clerk then entered default judgment in favor of the plaintiff and against the defendant, pursuant to Fed.R. Civ.P. 55(b)(1),[3] in the amount of $127,146.81. Shortly thereafter, on August 17, 1982, the defendant filed a motion for relief from the default judgment, requesting that the default judgment be vacated pursuant to Fed.R.Civ.P. 60(b).

In support of this motion, defendant has filed an affidavit of Sherril Van Dyke, president of defendant corporation. That affidavit states that, although the defendant corporation had been served with process in this case, the president of the defendant corporation believed that defendant's counsel and registered agent, R. Keith Neely, Christianburg, Virginia, had been served with the same documents and would file an answer in this action. The affidavit further states that plaintiff had knowledge of, and had previously dealt with, defendant's counsel and registered agent, but failed to serve said counsel and agent with process. The affiant claims that he was surprised by the fact that his counsel and registered agent had not been served with process and had not filed a response in this action, and upon learning that default and default judgment had been entered, the defendant's president took prompt action by filing the motion to vacate. Plaintiff has filed an affidavit in opposition to the motion for relief from judgment. Plaintiff's affiant is Dennis A. Burke, director of financial services for the plaintiff. Plaintiff's affidavit states that plaintiff never agreed to deal exclusively with defendant's counsel and registered agent in connection with the monies due and owing. Plaintiff's affidavit further contends that plaintiff took every available step to settle this matter, but when settlement appeared fruitless, plaintiff properly filed this action and served

---

1. Pursuant to Fed.R.Civ.P. 4(e) and Pa.R.Civ.P. 2079(c)(3), an out-of-state party, in this case, a corporation, may be served by certified mail, return receipt requested.

2. Fed.R.Civ.P. 12(a) requires that an answer be filed within 20 days, unless service is made under Fed.R.Civ.P. 4(e) *and* a different time is prescribed in an order of court or applicable statute. Although service in this case was made pursuant to Rule 4(e), the applicable state statute, Pa.R.Civ.P. 2079(c)(3) does not prescribe a different time. Thus, since defendant did not file an answer, or otherwise defend, by July 20, 1982 (the end of the 20-day period), the entry of default on July 22, 1982, was proper under Fed.R.Civ.P. 55(a).

3. Pursuant to Rule 55(b)(1), the clerk may enter default judgment if a sum certain is established by affidavit.

process upon the defendant at its place of business. Finally, plaintiff's affidavit contends that defendant does not have a meritorious defense in support of its motion to vacate the default judgment.

As stated, defendant's request for relief from default judgment in this action is filed pursuant to Rule 60. The general purpose of Rule 60 is to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Secretary of Health, Education and Welfare,* 572 F.2d 976, 977 (3d Cir.1978). The decision of whether to grant relief under Rule 60 is addressed to the sound discretion of the Court. *Id.* Defendant seeks relief pursuant to Rule 60(b)(1), which states that the Court may relieve a party from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. Specifically, defendant contends that default judgment was entered in this case because of mistake or excusable neglect. The Court does not agree with defendant's contention. Defendant bases its contention on the fact that defendant's president believed that defendant's counsel and registered agent had taken the necessary steps to protect defendant's interests in this matter. The Court believes that this assertion is a rather frivolous basis for asserting mistake or excusable neglect. Plaintiff properly served the defendant and had no obligation to serve the counsel and registered agent. *See* Fed. R.Civ.P. 4(e) and Pa.R.Civ.P. 2079(c)(3). Defendant's president could have easily contacted the corporate counsel and registered agent, upon receipt of the summons and complaint, to obtain his opinion on the law suit and to request that he take the necessary action. The failure of defendant's president, or any other corporate agent, to make such a contact is surely neglect, but not excusable neglect.

Please note, however, that the Court cannot rest its granting or denial of the motion for relief from a default judgment merely upon the consideration of whether or not an answer was timely filed. The Third Circuit has clearly mandated that two additional considerations are necessary. In *Medunic v. Lederer,* 533 F.2d 891 (3d Cir.1976), the Third Circuit stated that the Court must also consider whether the plaintiff will be prejudiced if the motion is granted and whether a meritorious defense is asserted by the defendant. In answering these questions, the Court must apply a liberal standard, and any doubt must be resolved in favor of vacating the judgment so that the case can be decided on its merits. *Id.* at 893–894. Therefore, the Court must review this case in light of these two additional considerations.

The plaintiff correctly states, in its brief, that defendant presents no evidence and makes no statement that indicates that the plaintiff will not be prejudiced by the setting aside of the default judgment. Thus, defendant has not satisfied the first consideration. The plaintiff does, in its brief, indicate how it will be prejudiced if the judgment is set aside. Plaintiff contends that for each day that goes by without payment to the plaintiff, substantial interest charges are incurred. Thus, if the judgment is set aside and the case reopened, it may be some time before plaintiff could collect on a judgment, if it prevailed at trial. Whereas, plaintiff can immediately attempt to collect the judgment, or execute upon property of the defendant to collect the same, thereby preventing further economic loss. Moreover, defendant has also failed to satisfy the second consideration set forth above; that is, defendant has failed to assert a meritorious defense. In its brief, defendant alludes to the fact that the equipment, which was the subject of the financing and security agreement, was defective; however, the defendant never specifically or adequately develops that defense to a point that satisfies the requirement of assertion of a meritorious defense.

In concluding, the Court notes that the Third Circuit has espoused other minor considerations for use in reviewing a motion to vacate a default judgment in certain cases. In *Livingston Powdered Medal, Inc. v. National Labor Relations Board,* 669 F.2d 133,

**20**

136 (3d Cir.1982), the Third Circuit stated that a relevant factor is whether the defendant intentionally caused the default. The Court believes that defendant's conduct, in failing to take the necessary steps to defend the action, was willful in nature, thereby causing the default. Additionally, "'matters involving large sums should not be determined by default judgment if it can be reasonably avoided' since 'the interests of justice are better served by a.trial on the merits.'" *Id.* at 136–137, quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir.1951). The judgment against the defendant in this case was for a sum in excess of $127,000. The Court considers that amount to be a large sum of money; however, this minor consideration in favor of the defendant does not offset the other major considerations which weigh against the defendant. Accordingly, after reviewing the facts of this case in light of the pertinent considerations, the Court determines that relief from default judgment is not warranted in this case and, therefore, denies defendant's motion.