In re MARCON ENTERPRISES, INC., Debtor.

Charles W. GRANT, Trustee, Plaintiff,

v.

COALIRON MINING PROGRAM, a California limited partnership, Defendant.

Bankruptcy No. 84–907–BK–J–GP.
Adv. No. 86–208.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 18, 1987.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Charles W. Grant, Jacksonville, Fla., trustee.

Thomas R. Ray, Jacksonville, Fla., for defendant.

## ORDER GRANTING MOTION FOR RELIEF FROM DEFAULT AND FINAL JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before the Court on the motion for relief from default and final judgment filed by defendant, Coaliron Mining Program, a California limited partnership, through certain of its limited partners. Plaintiff objected to the relief requested asserting along with other grounds that the certain limited partners lacked standing to seek relief from the final default judgment under Rule 60(b), F.R.Civ.P. Upon consideration of memorandum and argument of counsel, the Court makes the following findings of fact and conclusions of law.

### A. FINDINGS OF FACT

1. On June 6, 1986, plaintiff filed this action against Coaliron Mining Program, a California limited partnership, seeking damages based on defendant's default on a promissory note executed in favor of Resource Trading Corporation. Plaintiff asserted that the bankruptcy estate held the note as a holder in due course.

2. A summons was issued on June 12, 1986, and served together with a copy of the complaint on George Eadington, Registered Agent, 14131 Yorba Street, Ste. 204, Tustin, California 92680, on June 18, 1986.

3. On August 4, 1986, George Eadington resigned as agent upon whom process may be served in California for Coaliron Mining Program, a limited partnership organized under the laws of the State of California and this resignation became part of the official records of the Secretary of State of the State of California on that date.

4. As defendant had failed to file an answer, motion or other defensive pleading, plaintiff filed a motion for default and final judgment on November 12, 1986. The motion was granted and the default and final judgment were entered on November 20, 1986.

5. Defendant, through certain of its limited partners, filed its motion for relief from default and final judgment on March 20, 1987 asserting that it has a meritorious defense based on the terms and conditions of various agreements between Marcon Enterprises, Inc., its subsidiary corporations and defendant.

6. Based on the State of California Certificate of Limited Partnership filed on November 5, 1984, Marcon Enterprises, Inc., is the sole general partner of defendant. This Certificate also states that the term for which defendant is to exist is until December 30, 2030, or until sale of all assets; or removal, retirement, death, withdrawal, resignation, incapacity, bankruptcy, insolvency or dissolution of the sole general partner. See also Articles IV and XII of the Certificate and Agreement of Limited Partnership of Coaliron Mining Program.

7. On November 21, 1984, Marcon Enterprises, Inc., filed a voluntary petition under 11 U.S.C. Chapter 11. This proceeding was subsequently converted to a proceeding under Chapter 7 on November 4, 1985, and plaintiff, Charles Grant, was appointed as trustee.

8. Pursuant to Article VIII of the Certificate and Agreement of Limited Partner-

ship of Coaliron Mining Program, the general partner is responsible for defending any legal proceeding brought against the limited partnership.

9. Pursuant to Article VI, Section 2.1, of the Certificate and Agreement of Limited Partnership of Coaliron Mining Program, each limited partner is "... required to execute and deliver an assumption agreement evidencing such Partner's unqualified assumption on a full recourse basis of loans extended to the Partnership by the Contract Miner in connection with the anticipated mining operations to be conducted in the Property." The certain limited partners assert that this provision gives them a direct interest in this action since plaintiff is trying to collect a loan given to the limited partnership.

10. A substantial question exists as to whether defendant was a valid limited partnership under California law as of the date this action was filed or since the date that Marcon Enterprises, Inc., filed its voluntary petition under 11 U.S.C. Chapter 11 on November 21, 1984.

11. It is undisputed however that no action was taken by Marcon Enterprises, Inc., as general partner nor by anyone for the limited partnership to defend this action until the motion for relief from default and final judgment was filed by certain limited partners on March 20, 1987.

12. The limited partners had not as of the time of the hearing on this matter elected a general partner to replace Marcon Enterprises, Inc.

13. Plaintiff asserts that he would be prejudiced if the relief requested was granted because the principal witness he was relying upon to prove this action no longer is willing to testify on his behalf. Accordingly, plaintiff would have to begin from scratch to develop new sources of proof.

14. Although the limited partners may have had an inconsequential interest at the outset of this action, they now have a sufficient interest to establish standing to proceed under Rule 60, F.R.Civ.P., Rule 9024, Rules of Bankruptcy Procedure, since no action was taken by the general partner to defend the limited partnership.

**B. CONCLUSIONS OF LAW**

1. Rule 60, F.R.Civ.P., Rule 9024, Bankruptcy Rules of Procedure, states:

... On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) ... (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

2. When determining whether to set aside a default and final judgment, the Court must consider whether the relief requested would prejudice plaintiff and whether movant has presented a meritorious defense. *Medunic v. Lederer*, 533 F.2d 891, 893 (3rd Cir.1976). The test however should be liberally construed and any doubt should be resolved in favor of setting aside the default and final judgment so that the case may be decided on its merits. *Id.*

3. Under California corporation law, the general partner of a limited partnership is the proper party to a proceeding by or against the limited partnership unless the proceeding is "... to enforce a limited partner's right against or liability to the partnership." 24A Cal.Corp.Code § 15526 (1949).

4. The courts in California have been faced with the issue of whether § 15526 of the California Corporate Code bars a limited partner from defending an action on behalf of the limited partnership where the general partner of the limited partnership has taken no action to defend the partnership and have resolved the issue in favor of allowing participation by the limited partner. See *Kobernich v. Shaw*, 70 Cal.App.3d 914, 139 Cal.Rptr. 188 (4th

Dist.1977); [limited partners not required to sit idly by and watch their investment disappear when general partner does not defend the action]; and *Linder v. Vogue Investments, Inc.,* 239 Cal.App.2d 338, 48 Cal.Rptr. 633 (2d Dist.1966) [§ 15526, California Corporations Code, does not prevent intervention by a limited partner in a proper case]. *Cf. Bedolla v. Logan & Frazer,* 52 Cal.App.3d 118, 125 Cal.Rptr. 59 (1st Dist.1975) [limited partner may bring an action against the general partner and persons who colluded or conspired with the general partner or the limited partnership in order to enforce the limited partners rights against them]. Admittedly, this matter is slightly different from the California cases in that the certain limited partners in this case took no action prior to the date the final judgment was entered. This is a distinction without significance however and the Court will not elevate form over substance. The Court will exercise its discretion in favor of allowing the defendant to be heard on the merits.

Accordingly, it is ORDERED:

1. Defendant's motion for relief is granted.

2. Both the default and final judgment entered on November 20, 1986, are set aside.

3. Defendant through its certain limited partners or delegated representative is directed to file an answer or other responsive motion or pleading within thirty (30) days of the date of this Order.