

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-2-2002

# Ruhle v. Housing Auth Pgh

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2177

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ruhle v. Housing Auth Pgh" (2002). *2002 Decisions*. Paper 786.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/786

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-2177 and 01-2497

_____

EUGENE F. RUHLE,

                              Appellant

v.

THE HOUSING AUTHORITY
OF THE CITY OF PITTSBURGH

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 96-cv-00060)
Magistrate Judge:  The Honorable Ila Jeanne Sensenich

_____

Argued November 20, 2002

_____

Before: BARRY, AMBRO, Circuit Judges, and ACKERMAN,[*] District Judge

(Opinion Filed: December 2, 2002)

_____

Bruce S. Gelman, Esq.
Gelman & Reisman
429 Fourth Avenue
1701 Law & Finance Building
Pittsburgh, PA 15219

_____

    [*] The Honorable Harold A. Ackerman, United States District Judge for the District of
New Jersey, sitting by designation.

Attorney for Appellant

Stephen J. Poljak, Esq.
Marshall, Dennehey, Warner,
 Coleman & Goggin
600 Grant Street
2900 USX Tower
Pittsburgh, PA 15219

Attorney for Appellee

_____

OPINION

_____

BARRY, Circuit Judge

Appellant Eugene F. Ruhle appeals from two orders of the Magistrate Judge before whom the parties consented to trial. He appeals, first, at No. 01-2177, from the September 12, 2000 order granting appellee Housing Authority of the City of Pittsburgh's motion for a new trial following a jury verdict in Ruhle's favor on his Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., claim. He appeals, second, at No. 01-2497, from the order of May 9, 2001, which denied his motion for a new trial following the second trial, a trial at which the Housing Authority prevailed, although he has not pursued that appeal in his submissions to us. We have jurisdiction under 28 U.S.C. § 1291. We will reverse and remand the appeal at No. 01-2177 with instructions to grant the Housing Authority judgment as a matter of law and will dismiss the appeal at No. 01-2497.

2

As we write for the parties, who are well-versed in the underlying facts of this case, we need not recite those facts because our brief discussion does not depend upon either a recitation or an analysis of those facts. Moreover, because the parties were permitted to orally argue their positions before us and thus presumably have little question as to the deficiencies which we believe pervade this case, we need not discuss those deficiencies in much detail, much less cite a great deal of law.

Suffice it to say that this case, both before the Magistrate Judge and before us, has been framed almost entirely in terms of whether the Housing Authority could have given Ruhle a carpenter's position as a reasonable accommodation for having wrongly "regarded" him as disabled.[1] No one – not Ruhle, not the Housing Authority, and not the Magistrate Judge – took any issue with the proposition that if there was a vacant carpenter's position – or another position that he may have wanted – Ruhle should have been offered it as a reasonable accommodation, and took no issue with it before us; indeed, the new trial was granted because the Magistrate Judge found no evidence of a vacant carpenter's position.

But there were other failures of proof and mistakes of law, as we view the record, that, had they been identified, could and should have ended this case long before it got to

---

[1]The "almost" is because Ruhle also argues that the District Court should not have set aside the default entered against the Housing Authority. We reject this argument. Entry of default is generally disfavored and we have long indicated our strong preference that cases be decided on the merits. See Medunic v. Lederer, 533 F.2d 821, 893-94 (3d Cir. 1976)(holding that district court abused its discretion in denying defendant's motion to set aside entry of default on sole ground that defendant negligently failed to plead in timely manner to plaintiffs' complaint). The District Court did not abuse its discretion in setting aside the default here.

that point. First, even assuming that there was evidence that the Housing Authority erroneously "regarded" Ruhle as disabled, and we are not so certain that there is, there is utterly no evidence that the Housing Authority regarded him as unable to work in a broad class of jobs, and that an ADA plaintiff is required to show. Sutton v. United Airlines, 527 U.S. 471, 492 (1999); Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 188 (3d Cir. 1999). Second, even if Ruhle – assuming he had the requisite qualifications – had shown that the Housing Authority wrongly regarded him as being unable to perform any of its positions based on his medical condition, neither the parties nor the Magistrate Judge even discussed what, if any, obligation the Housing Authority had to this "regarded as" plaintiff, rather assuming that there was an obligation to reasonably accommodate him in a carpenter's position.

As we just recently again made clear, we have not yet said that an employer is obliged to provide reasonable accommodations to a "regarded as" plaintiff. Buskirk v. Apollo Metals, 307 F.3d 160 (3d Cir. 2002). The parties and the Magistrate Judge treated this issue as if we had. But even if an employer is obliged to reasonably accommodate a "regarded as" plaintiff, it surely seems that the Housing Authority did so here by making Ruhle a full-time lobby monitor when he came back to work in February 1992, a job he kept until July 1996 when he took a laborer's position. Indeed it seems, at least to us, that he was never not accommodated. Thus, as in Buskirk, whether or not the Housing Authority was required to provide Ruhle with a reasonable accommodation, it did so here.

The Magistrate Judge wrongly granted a new trial to the Housing Authority when it

4

should have, but did not, either grant the Housing Authority's earlier motion for summary judgment or its motion under Fed.R.Civ.P. 50 for judgment as a matter of law. We, therefore, will reverse and remand with directions to enter judgment in No. 01-2177 in favor of the Housing Authority. We will dismiss the appeal at No. 01-2497.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge