Jesse I. and Jamie November LASKY husband and wife, individually and as parents and natural guardians of their minor son, Gregory Lasky

v.

CONTINENTAL PRODUCTS CORPORATION, et al.

Civ. A. No. 82–3415.

United States District Court, E.D. Pennsylvania.

April 28, 1983.

---

See also, D.C., 97 F.R.D. 716.

William A. Zurzolo, Philadelphia, Pa., for plaintiffs.

Neil Jokelson, Philadelphia, Pa., for defendant, Continental Products Corp.

George J. Lavin, Jr., Philadelphia, Pa., for defendant, Nissan Motor Corp. Ltd.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is the motion of the defendant, Continental Gummi-Werke Aktiengesellschaft ("CGW"), to set aside the default entered against it in this case, and the motion of the plaintiffs for a hearing on damages and the entry of a default judgment. Because I conclude that the default must be set aside, the plaintiffs' motion will be denied.

This is a products liability case arising out of an accident in which the plaintiffs were seriously injured. The plaintiffs allege that the accident resulted from the defective nature of their automobile and its tires. The defendants in the case are the foreign manufacturer of the automobile and its American distributor, and the foreign manufacturer of the tires and its American distributor. The issue before the court is whether or not to vacate a default entered against the German tire manufacturer, CGW. I have concluded that the default should be vacated.

The plaintiffs, in August of 1982, gave a copy of the complaint in this action to the U.S. Marshal and requested that the complaint be served upon CGW, a West German corporation. Pursuant to the terms of the Hague Convention, the Marshal's office sent the complaint to the Ministry of Justice of Lower Saxony, for eventual service upon CGW. The Ministry, however, finding that the complaint had not been translated into German, sent the summons and complaint back to the Marshal's office along with a letter, written in German, explaining that the complaint would not be served unless translated.[1] The Marshal's office, apparently not understanding the letter, took no further action. On December 7, 1982, no answer having been filed by CGW, the plaintiffs took a default.

---

1. Plaintiffs originally asserted that it was quite likely that the Ministry had, indeed, sent a copy of the complaint through the mail to CGW, and that this would constitute effective service under the Hague Convention. Since that time, the court has been provided with a statement of the West German Ministry of Justice which avers that the Ministry did not serve CGW either directly or indirectly with a copy of the complaint. The plaintiffs have brought forward no facts that would cause me to doubt the veracity of this statement, and therefore, I will accept it as true.

CGW now seeks to have the default against it vacated on the ground that it was never properly served under the terms of the Hague Convention, and that, therefore, the court had no jurisdiction to enter a default.

The plaintiffs assert that CGW was properly served under the Hague Convention. Furthermore, they argue, service of the complaint upon the American distributor, Continental Products, a wholly owned subsidiary of CGW, constituted effective service on CGW.

While I believe that it is quite likely that service was not effectively made upon CGW, I do not feel that it is necessary to explore this issue in any great detail. Even if service was technically made by serving Continental Products with a copy of the complaint, I find that CGW is entitled to have the default vacated under F.R.C.P. 55(c).

Rule 55(c) permits this court to vacate a default for "good cause shown." In determining whether good cause has been shown, the court should consider: (1) the culpability of the defendant in failing to answer the complaint, (2) whether the setting aside of default would prejudice the plaintiff, and (3) whether defendant has asserted a meritorious defense. *See Farnese v. Bagnasco,* 687 F.2d 761 (3rd Cir. 1982). A liberal standard should be applied in acting on a motion under Rule 55(c) and any doubts should be resolved in favor of setting aside the default. *Medunic v. Lederer,* 533 F.2d 891 (3rd Cir.1976).

In this case, as I previously noted, I believe that it is quite likely that no effective service was made on CGW. It has been established that no copy of the summons and complaint sent by the plaintiffs to the West German Ministry of Justice was forwarded to CGW. The issue of whether service on Continental Products constituted effective service on CGW is a complex one.

Assuming *arguendo* that service on Continental Products did constitute service on CGW, it is quite understandable that a foreign entity such as CGW would not understand that they had been served and were required to answer. I find, therefore, that even if CGW was technically served, its failure to answer was excusable.[2]

Furthermore, I find that CGW has proffered a possibly meritorious defense to plaintiffs' claim. CGW both asserts that the tire it sold was not defective, and that it had either been misused or altered since its sale. In a case such as this, where complex technical testimony may be required to establish the defectiveness *vel non* of the tire, these allegations suffice to raise a possibly meritorious defense at this stage of the litigation.

Finally, I can see very little prejudice to the plaintiffs resulting from setting aside the default.[3] The plaintiffs have apparently already served CGW pursuant to the Hague Convention and CGW has answered. Thus, the statute of limitations does not create a problem for plaintiffs. The only prejudice pointed to by plaintiffs is that the defendants will continue to resist discovery and indulge in tactics of "misrepresentation and evasion." In so far as plaintiffs are referring to the resistance a defendant will generally offer to a plaintiff's claim, this is not the sort of prejudice which can prevent the setting aside of a default. If, on the other hand, defendant does not comply with the federal rules governing discovery, then plaintiffs may come to the court for relief at that time. For the reasons stated above, the default entered against CGW will be set aside.

---

**2.** I further note that CGW moved almost immediately to set aside the default once it had been taken.

**3.** While the plaintiffs have, no doubt, been harmed by the delay inherent in resolving the present motion, this delay is one for which the plaintiffs share responsibility.