Jerald MIRROW

v.

**CLUB MED, INC.**

**Civ. A. No. 85-6593.**

United States District Court,
E.D. Pennsylvania.

Aug. 13, 1986.

---

Jerome R. Balka, Philadelphia, Pa., for plaintiff.

Joseph V. Pinto, Peter Samson, Robert G. Devine, White & Williams, Philadelphia, Pa., for defendant.

MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

Plaintiff in this personal injury action bases jurisdiction on the parties' diversity of citizenship and seeks damages for injuries he alleges he sustained when hit by a motorboat operated by an employee of defendant, Club Med, Inc., at its resort facility in Guadeloupe, French West Indies. Now before the court is defendant's motion to dismiss the complaint on the ground that service was not properly made upon defendant.

Defendant bases its motion in part on the failure of plaintiff to have met the requirements of the Hague Convention regarding service upon a foreign defendant. According to a prospectus issued by defendant, a page of which is attached as Exhibit A to Plaintiff's Supplemental Memorandum regarding service of process (Docket entry 14), defendant's registered office is in the Cayman Islands, British West Indies. Club Med is therefore registered within the United Kingdom, which is a signatory to the Hague Convention. Defendant recognizes, however, that "the provisions of the Hague Convention are inapplicable in determining the validity of service of process when the foreign corporation or its agent is located and served within the United States bound-

aries." Defendant's Supplemental Memorandum at 4 (Docket entry 15). It therefore additionally argues that although service upon a United States agent of defendant would be adequate, Club Med Sales, Inc., the entity served by plaintiff, cannot be considered an agent of the defendant for the purposes of receiving service on its behalf. Plaintiff does not allege that the service requirements of the Hague Convention have been met. Instead, plaintiff responds that Club Med Sales is an agent of defendant located within the United States, and that it has properly been served.

■ It is a question of fact whether there is a sufficiently close relationship between Club Med and Club Med Sales for service upon the latter to be viewed as reasonably calculated to give actual notice to the former. *See Akzona Inc. v. E.I. DuPont de Nemours & Co.,* 607 F.Supp. 227 (D.C.Del.1984). The burden of proving the adequacy of service rests on the plaintiff. *Lucas v. Gulf & Western Industries, Inc.,* 666 F.2d 800, 805 (3d Cir.1981). I held on June 4, 1986, that plaintiff had not borne his burden merely by showing that, as a legal matter, Club Med Sales is a subsidiary of defendant Club Med. Memorandum and Order, June 4, 1986 (Docket entry 5). I subsequently afforded plaintiff an opportunity for discovery, however, so that he might demonstrate a sufficiently close relationship in fact between the parent and its subsidiary. *See* Order, June 26, 1986 (Docket entry 6). I now conclude that plaintiff has shown a degree of control by Club Med over its subsidiary, Club Med Sales, such that service upon the subsidiary was reasonably calculated to give actual notice to the parent corporation of the proceedings against it.

Both parties rely on the test enunciated in *Akzona,* 607 F.Supp. 227 as to whether service on a subsidiary suffices to effectuate service on a parent. *See* Plaintiff's Supplemental Memorandum at 3; Defendant's Supplemental Memorandum at 5. In *Akzona* the court found that the parent and a subsidiary maintained separate corporate identities and held that under such circumstances, a showing that the subsidiary was an "agent or alter ego" of the parent was necessary in order for service on the subsidiary to suffice. 607 F.Supp. at 240; *see also Lasky v. Continental Products Corp.,* 97 F.R.D. 717 (E.D.Pa. 1983).

In arguing that Club Med Sales is an agent of Club Med, plaintiff emphasizes three of the factors mentioned in *Akzona* as relevant to the degree of control: (1) the degree of overlap among officers and directors; (2) the degree of supervision by the parent over the daily operations and major policy decisions of the subsidiary; and (3) the degree to which the subsidiary played a part in the transaction at issue. *See* 607 F.Supp. at 237. Plaintiff argues that application of these three factors to the facts of the relationship between Club Med and Club Med Sales shows the domestic subsidiary to be a "mere conduit" of the foreign parent for the purposes of selling vacation packages. Plaintiff's Supplemental Memorandum at 7. In response, defendant points out that the court in *Akzona* found that the subsidiary was not an agent of the parent for the purposes of service because the degree of its interference in the day-to-day affairs of the subsidiary was not extensive enough. Defendant argues that 100% stock ownership of Club Med Sales by Club Med is not alone sufficient to establish an alter ego relationship between two corporations. Defendant's Supplemental Memorandum at 7–9.

The results of discovery illustrate a degree of common ownership and management between the two corporations that make it hard to envision how Club Med Sales would be informed of a lawsuit against Club Med without the latter also receiving notice of the action. Three of the four officers of Club Med Sales are also officers of defendant. Four of the five directors of Club Med Sales also serve on defendant's board of directors, and the fifth Club Med Sales director is an officer of Club Med. Club Med Sales is a wholly owned subsidiary of Club Med.

Also important is the fact that in marketing the vacation packages, Club Med Sales performs a function that Club Med itself

would otherwise have to perform. *See Akzona*, 607 F.Supp. at 239 (distinguishing *Tokyo Boeki (U.S.A.), Inc. v. S.S. Navarino*, 324 F.Supp. 361 (S.D.N.Y.1971)). Club Med Sales provides travel agents in the United States with literature regarding Club Med vacations. The subsidiary receives payment for vacation packages, retains a commission, and forwards the balance to the operating companies. This aspect of the relationship between the two corporations distinguishes this case from *Akzona* and other cases in which a plaintiff serves a relatively autonomous manufacturing subsidiary as a means of serving a foreign conglomerate parent. Here, Club Med Sales effectively operates as the sales department in the United States for Club Med. This allocation of functions implies that the two entities work in concert. Such a relationship between parent and subsidiary helps to illustrate that the subsidiary "is merely the incorporated department of its parent." *See Bulova Watch Co., Inc. v. K. Hattori & Co., Ltd.*, 508 F.Supp. 1322 (E.D.N.Y.1981). Under these circumstances, I find that service as made by plaintiff upon Club Med Sales suffices to effectuate service upon defendant.