ALICE D. JAMES, Plaintiff

v.

PAUL A. JAMES, Defendant/Appellant

D.C. Civil No. 1987/342

T.C. Civil No. D-84/87

District Court of the Virgin Islands

Div. of St. Croix

December 16, 1988

DIANE TRACE WARLICK, ESQ., St. Croix, V.I., *for defendant/ appellant*

O'BRIEN, *Presiding Judge*; BROTMAN,* *District Judge* and MEYERS, *Territorial Court Judge*

## OPINION

PER CURIAM

We decide in this appeal that the trial court's failure to grant a continuance constitutes an abuse of discretion. We will vacate the judgment entered below and remand for a new trial.[1]

### I. FACTS and PROCEDURAL BACKGROUND

Paul and Alice James were married on July 7, 1984. Mrs. James filed for divorce on April 10, 1987. Alimony pendente lite of $500.00 per month was ordered on May 12, 1987. After an aborted attempt to settle the divorce action without a trial, Mr. James' attorney withdrew from the case. On July 2, 1987, Mr. James was ordered to retain substitute counsel who was to file a notice of appearance. On July 29, 1988, the case was reassigned to another territorial court judge, to whom Mr. James directed a motion of recusal, which was denied. Trial was set for September 9, 1987, at which time Mr. James' renewed motion to recuse and a motion to dismiss were denied. He represented to the court that Renee Dowling, Esq., had been retained to represent him, but due to a family emergency she could not be present that day. A continuance was granted to October 14, 1987.

On October 14, 1987, Mr. James requested another continuance alleging that Dowling had called him the previous evening to withdraw from the case. The court refused to grant a continuance and proceeded with the trial with Mr. James appearing pro se.

Judgment was entered November 13, 1987, granting Mrs. James a divorce absolute and $250.00 per month alimony, to be reviewed in six months. Mr. James appealed to this Court arguing that the

---

* The Honorable Stanley S. Brotman is sitting by designation from the U.S. District Court of New Jersey.

[1] Alice James did not file a brief or otherwise respond to this appeal.

judgment should be vacated because the trial court erroneously denied the motions for continuance and recusal. He further argues the court erroneously placed upon him the burden of proving his wife's non-disability, or alternatively, that the finding that his wife is disabled is clearly erroneous.

## II. DISCUSSION

A. *Motion for Continuance*

■ We review the denial of a motion for a continuance for abuse of discretion. Business Ass'n of Univ. City v. Landrieu, 660 F.2d 867, 878 (3d Cir. 1981). The following colloquy took place in court upon Mr. James' request for a continuance.

> MR. JAMES: Your Honor, yesterday afternoon around 5:15, my granddaughter called me on the telephone and said she will not represent me in this case. She said she told you all about it weeks ago and the court did not notify me.
>
> THE COURT: For the record, this matter was continued over the strong objection of the Plaintiff on September 9, 1987. And Mr. James, at that time, requested the opportunity to appear with counsel. And because of a family illness, Attorney Renee Dowling, was unable to be present at that time. That was what was represented by Mr. James and I had no reason to doubt that representation to the court.
>
> This matter was set down today as a peremptory date. In the interim, there has been no appearance by Renee Dowling or any other attorney on behalf of Paul A. James, for the record.
>
> I am advised by Mrs. Miranda that she was contacted by telephone by Attorney Dowling who advised that she would not be representing Mr. James. And, accordingly, this matter is set for hearing today and we will go ahead with the hearing.

App. at 55–56.

■■ Due process requires that a party be allowed legal representation to protect his interests in court proceedings. Cf. Martin v. Lauer, 686 F.2d 24, 31 (D.C. Cir. 1982) (citations omitted); Carr v. Pena, 432 F. Supp. 828, 833 (D.V.I. 1977). The case law indicates that in deciding a motion for continuance, any relevant circumstances should be evaluated, including prejudice to the parties should it be granted or denied. See Clark v. Lutcher, 77 F.R.D. 415, 418 (M.D. Pa. 1977); see generally Molthan v. Temple

124

University, 778 F.2d 955, 958–59 (3d Cir. 1985); Landrieu, 660 F.2d at 878.

It is unclear from the record whether Dowling, in fact, had been retained by Mr. James. He allegedly retained Dowling sometime before the September 9, 1987 hearing; however, she failed to file a notice of appearance, as is appropriate, and as ordered by the court below, V.I. Code Ann. tit. 5, App. IV, Rule 84; Order dated July 2, 1987.

■ The court based its decision on the fact that the matter had previously been continued and the matter reset for a date absolute. Of course, a trial court has broad authority to control the efficient disposition of its docket, but this discretion should not be used against a party whose attorney withdraws from the case at the last minute. Additionally, a short delay could not have disadvantaged Mrs. James as she was entitled to alimony pendente lite of $500.00 per month. By contrast, Mr. James was severely prejudiced by being forced to proceed pro se as is evidenced by the record.

■ We find that the trial judge's failure to conduct a more specific inquiry into Dowling's withdrawal, followed by its refusal to continue the trial to another day was an abuse of discretion. The case must be remanded for a new trial on the merits.

B. *Motion to Recuse*

Mr. James alleges that the trial judge should have recused himself pursuant to V.I. Code Ann. tit. 4, § 284(4). Two motions for recusal pursuant to § 284(4) were filed by Mr. James. In the first motion, Mr. James stated by affidavit that he had sought legal representation in this divorce action with the law firm to which the judge belonged before he left private practice. He was told the firm did not handle divorce cases. The judge denied the motion by written order, holding the motion was too vague, but noted that he had not spoken with Mr. James about the case prior to taking the bench.

Mr. James then filed a second motion and affidavit, stating that he had spoken directly with this judge, then attorney, at his prior law firm. He was told that he did not handle divorce cases, and was referred to another attorney. Moreover, he does not assert that any details of the case were discussed. Mr. James also contended in his affidavit that the judge was biased or prejudiced, because

a couple of months previously, he had dismissed a verbal assault[2] complaint against Mrs. James which was supported by a police report. This motion was denied at the hearing on September 9; 1987. No written decision was entered in the record.

V.I. Code Ann. tit. 4, § 284(4) provides that "no judge shall sit or act as such in any action or proceeding when it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him."[3]

Accepting the allegations of the motion as true, we do not find that the motion below shows a "clear probability that the judge [was] biased." Government of the Virgin Islands v. Gereau, 502 F.2d 914, 932, 11 V.I. 265, 296 (3d Cir. 1974).

■ As noted above, no allegation was made that Mr. James discussed the facts and merits of the case with the judge. Likewise, there is no allegation that dismissal of the verbal assault complaint was anything other than proper.

C. *Burden of Proof and Sufficiency of the Evidence*

■ Mr. James alleges that the trial court placed the burden of proof of his wife's non-disability upon him. If so, such allocation was error because it was the wife's burden to prove her disability, unemployable status, and need for alimony. He contends in the alternative that the evidence was insufficient to support the conclusion that Mrs. James is physically unable to work. We do not reach these contentions in view of our remand for a new trial.

## III. CONCLUSION

In accordance with the discussion above, the case will be remanded for a new trial due to the abuse of discretion in failing

---

[2] V.I. Code Ann. tit. 14, § 706.

[3] No objection is made on appeal that the judge's decision was not made in writing as required by statute, thus, we do not address it. We note, however, that a written decision is provided for in V.I. Code Ann. tit. 4, § 286.

No challenge as to the competency of any judge shall be received or allowed; but if it is plain that the judge is disqualified under the provisions of § 284 of this title, the party objecting to competency may, in writing, file with the judge his objection, stating the grounds therefor and the judge shall thereupon proceed with the trial or withdraw therefrom, in accordance with his determination of the questions of his disqualification. His decision shall be reduced to writing and filed with the papers in the case, but no appeal or stay shall be allowed from, or by reason of, his decision in favor of his own competency until after judgment in his court.

to grant James a continuance. The denial of the motion to recuse, however, is affirmed.

## JUDGMENT

THIS MATTER is before the Court on appeal from the Territorial Court of the Virgin Islands. Having filed an opinion of even date herewith, and the premises considered, now therefore it is

ORDERED and ADJUDGED:

THAT the judgment of the Territorial Court of the Virgin Islands is VACATED and REMANDED for further proceedings consistent with this opinion.