Edgardo SANTANA, Appellant,

v.

Winston MACK, Appellee.

D. Ct. Civ. App. No. 1993–249.
T.C. Civ. No. 298–1990.

District Court, Virgin Islands,
Appellate Division,
D. Saint Croix.

Argued July 15, 1994.

Decided June 23, 1995.

Wilfredo Geigel, Law Offices of Wilfredo Geigel, Gallows Bay, St. Croix, U.S. VI, for appellant.

Renee D. Dowling, Christiansted, St. Croix, U.S. VI, for appellee.

Before: THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; STANLEY S. BROTMAN, Senior Judge of the United States District Court for the District of New Jersey, Sitting by Designation; and ISHMAEL A. MEYERS, Judge of the Territorial Court of the Virgin Islands, Division of St. Thomas/St. John, Sitting by Designation.

## OPINION OF THE COURT

MOORE, Chief Judge.

This is an appeal from a judgment following a bench trial denying the plaintiff compensatory damages. Appellant challenges the trial judge's refusal to award damages, denial of a request for continuance, and exclusion of the deposition testimony. For the reasons stated herein, we affirm the trial court's decision.

## FACTS

On December 8, 1989, appellant Edgardo Santana ("appellant" or "Santana") was employed as a lineman replacing telephone poles when he was knocked to the ground and lost consciousness after being struck by truck driven by Winston Mack ("appellee" or "Mack"), according to the testimony adduced at trial. Appellant was taken to the emergency room of the St. Croix Hospital on

December 12, 1989, where he was treated for injuries to his left shoulder, chest, back, and neck. Santana testified that despite his loss of consciousness, he was sent home that same night, but returned to the hospital on January 18, 1990. The physician who treated him on St. Croix, Dr. Walter Pedersen, prescribed motrin 600 mg. for his pain. Joint Appendix ("J.A.") at 52–54. Appellant also travelled to Puerto Rico where he was x-rayed and treated by Dr. Montilla on January 2, 1990 and January 9, 1990, who also prescribed motrin.

Santana testified that he was unable to work for three months after the incident and that even after he returned to work he was unable to continue working as a lineman due to the injury to his shoulder. Because he could not keep up with the duties of a lineman, appellant was given light duties, consisting mainly of handing materials to the his co-workers. J.A. at 64–72. Appellant stopped working on that job in April, 1990.

On April 20, 1990, Santana sued Mack for damages arising out of personal injuries he sustained.[1] At the bench trial on June 1, 1993, appellant and his three witnesses testified about the incident that occurred on December 8, 1989. When his listed expert witness, Dr. Pedersen, failed to appear at trial, appellant sought to introduce the doctor's deposition testimony under the "in the interest of justice" catchall exception of FED. R.CIV.P. 32(a)(3)(E).[2] The court denied the motion. Appellant then unsuccessfully moved for a continuance.

At the conclusion of the trial, the judge denied Mack's motion for a directed verdict

and ordered the parties to submit memoranda of law on the issue of "whether further corroboration was required to sustain an award of damages in a personal injury case." In an Order entered on September 15, 1993, the trial court held that defendant was liable,[3] but denied Santana's request for damages as speculative. The judge concluded that appellant had failed to produce proof, in addition to his own testimony, sufficient to allow the determination of damages to a "reasonable certainty." The court ruled that "[a]n award for loss income requires corroboration of plaintiff's testimony. Such award cannot be based on conjecture and must be supported by something more than plaintiff's own self-serving statements." J.A. at 49 (Order dated September 15, 1993) (citing *Connally v. Chardon*, 1978 St.X.Supp. 372, CD–ROM Oct. 1994 ed. (D.V.I.APP.1978)).

## DISCUSSION

 The Territorial Court's disallowance of the deposition testimony of appellant's expert witness, as well as its denial of the continuance, is reviewed for abuse of discretion. *Colon v. Government of the Virgin Islands*, V.I. BBS 92CR69A.DT1 (D.V.I.APP.1994) (reviewing a trial court's ruling on admission of evidence); *James v. James*, 24 V.I. 122 (D.V.I.APP.1988) (reviewing a trial court's denial of a motion to continue). We exercise plenary review over the trial judge's interpretation and application of Virgin Islands law as it pertains to the issue of damages. *Ross v. Bricker*, 26 V.I. 314, 318, 770 F.Supp. 1038, 1042 (D.V.I.APP.1991).[4] If it is determined that the Territorial Court

1. A Default Judgment, which had been entered against appellee by the Clerk of the Territorial Court on June 11, 1991 was set aside on June 13, 1992.

2. The rules governing the Territorial Court in effect at that time required the practice and procedure of that court to "conform as nearly as may be to that in the district court in like causes." Terr.Ct.R. 7.

3. Although Mack had contended that Santana hit his truck, the trial judge's finding that Mack was liable was not appealed.

4. As we have noted elsewhere, the Appellate Division should be viewed as an intermediate Virgin Islands court of appeals whose decisions on

matters of local, Territorial law should be upheld unless based on "manifest error" or an interpretation which is "inescapably wrong." *E.g., Nibbs v. Roberts*, V.I. BBS 91CI29A.DX2 (D.V.I.APP. Feb. 18, 1995); *In re Barrett*, V.I. BBS 91CI159A.DX2 (D.V.I.APP. Jan. 31, 1995). With the 1984 amendments to the Revised Organic Act of 1954 § 23A(b), 48 U.S.C. § 1613a (1976 & 1986 Supp.), *reprinted in* V.I.CODE ANN., Historical Documents, 61 (1967 and 1994 Supp.), the Congress has extended the principles of federalism to the judicial system of this Territory. At least one panel of the Court of Appeals for the Third Circuit has endorsed this view of our role. In ruling that it lacked appellate jurisdiction over an order of the Appellate Division, the court of appeals construed "the scheme of appellate review enacted by Congress" via the *1984 amendments to the*

properly construed Virgin Islands law regarding proof of damages, we review its finding that no damages were awardable under a clearly erroneous standard. "Unless the determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data" the reviewing court may not disturb the lower court's findings. *Stridiron v. I.C., Inc*, 20 V.I. 459, 462–63, 578 F.Supp. 997, 999 (D.V.I.App.1987) (citation omitted).

### Exclusion of Deposition Testimony and Denial of Continuance

■ We first consider whether the trial judge abused his discretion in denying appellant's motion to continue and refusing the admission of the deposition testimony of his expert medical witness after the doctor failed to appear at trial. Santana concedes that the witness had not been subpoenaed, but submits that this was a matter of courtesy and not a lack of diligence, arguing that the failure of the doctor to appear was due to circumstances beyond appellant's control, and that the action became a casualty of the witness' busy practice. Appellant concedes that he did not subpoena the doctor "based on Dr. Pedersen's statement—overt statement that he would not be available [for trial]" Supplement to J.A. at 94–95. No subpoena was issued even though Santana alleges that the doctor's testimony would have corroborated his damages claim. Appellant also contends that there would have been no prejudice to Mack because he had been given the opportunity to cross-examine Pedersen at the deposition. Finally, Santana argues that "the circumstances were exceptional, as to make it desirable in the interest of justice ... to allow the deposition to be used." FED. R.CIV.P. 32(a)(3)(E).[5]

We find no basis for invoking the exceptional circumstances provision of Rule 32(a)(3)(E) or for concluding that the trial court should have granted a continuance. Appellant made no effort to serve Dr. Pedersen with a subpoena, nor did he attempt to show that he had been unable to procure the doctor's attendance, which is a prerequisite to using a discovery deposition in lieu of live testimony. *See* FED.R.CIV.P. 32(a)(3)(E). Appellant had more than ample notice of the upcoming hearing to prepare his case and subpoena needed witnesses.[6] Based on the record before us, we find no abuse of discretion by the trial court in excluding the deposition testimony or refusing to continue the matter. The overloaded state of the Territorial Court's docket in the spring of 1993 is well documented.

### Proof of Damages

■ It is axiomatic that a plaintiff must prove every element of the claim, including compensatory damages, "with as much certainty as the nature of the tort and the circumstances permit."[7] Appellant's only

Revised Organic Act of 1954 as "encouragement of the development of a local Virgin Islands appellate structure with greater autonomy with respect to issues of Virgin Islands law...." *In re Alison*, 837 F.2d 619, 622 (3d Cir.1988). Since *In re Alison* and the appointment of two permanent resident District Court judges, the Appellate Division consists of three-judge appellate panels made up of both District Court judges and a rotating Territorial Court, all of whom are well versed in the law of the Virgin Islands.

5. Since this appeal involves a trial determination on the merits, the guides for reviewing a dismissal, a default judgment, or the equivalent thereof, do not come into play. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984) ["*Poulis II* "]. The fact that the actions or omissions of plaintiff's counsel may have been a factor in the result of the trial does not bring it within *Poulis II*. Indeed, the Court of Appeals

there acknowledged that "a client cannot always avoid the consequences of the acts or omissions of its counsel." *Id.* at 868 (citing *Link v. Wabash Railroad*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)). The trial court's order awarding no damages was a decision on the merits after a trial and can in no way be considered a sanction or punishment imposed on a client for conduct of its counsel.

6. The record of proceedings indicates that a Notice of Hearing for the June 1, 1993 hearing was filed and served on counsel on April 22, 1993, after several continuances had already been granted. J.A. at 3–6.

7. In the Virgin Islands, in the absence of local law to the contrary, the rules of common law, as expressed in the Restatements of Law, are the governing rules of decision. *See* V.I.CODE ANN. tit. 1, § 4. The Restatement (Second) of Torts, § 912, entitled 'Certainty,' provides:

proof of the nature and extent of his injuries presented and admitted at trial were his own testimony and receipts documenting the four medical visits. The only evidence of lost income was Santana's testimony that he had been earning $700.00 per week before the accident occurred.[8] We must determine whether this evidence established appellant's injuries and damages with the requisite certainty permitted by the circumstances and nature of the tort.

In *Connally v. Chardon*, this Court noted that, although "[a]s a general rule, lay testimony is sufficient to support a finding of proximate cause ..., '[e]xpert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury unless the connection is a kind which would be obvious to laymen, such as a broken leg from being struck by an automobile.'" *Connally*, 1978 St.X.Supp. at 377, *quoting* 2 HARPER AND JAMES, THE LAW OF TORTS, § 20.2, pp. 1116–17. Although the trial judge found appellant had not proved any damages, he did not address each of appellant's itemized out-of-pocket damages, namely, costs for medical care and loss of income. We review the damages evidence to determine its sufficiency.

■ Regarding medical expenses, a lay person such as appellant is not qualified or competent to testify to the nature of the medical tests or why they were given. We adopt as a general principle the rule that a plaintiff must present medical testimony that the charges itemized in his medical bills were reasonable and the services being billed were necessary for treatment of the trauma suffered by plaintiff.[9] Applying this rule, we

find no error in the court's denial of recovery for costs of medical care as there is no such expert medical evidence in the record.

■ Regarding appellant's proof of lost earnings, "an award for lost income cannot be based on conjecture and must be supported by something more than the plaintiff's own self-serving statements, particularly when such statements are ambiguous and uncertain...." *Connally*, 1978 St.X.Supp. at 377. Moreover, section 912 of the Restatement (Second) of Torts requires a reasonable certainty of proof of damages for relief.[10] Since appellant failed to introduce any independent evidence corroborating his testimony regarding his earnings before the accident, we find no error in the trial court's denial of recovery for loss of income.

## CONCLUSION

Based on the record before this Court, we find no abuse of discretion in the trial court's refusal to admit deposition testimony of an unsubpoenaed witness or by its refusal to grant a continuance based on that witness' failure to appear. The trial judge correctly applied Virgin Islands law when he denied an award of damages to appellant based on the lack of sufficient evidence. Accordingly, the Territorial Court's decision is affirmed. An appropriate order will be entered.

### ORDER OF THE COURT

**AND NOW**, this 23d day of June, 1995, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

One to whom another has tortiously caused harm is entitled to compensatory damages for the harm if, but only if, **he establishes by proof the extent of the harm and the amount of the money representing adequate compensation** with as much **certainty** as the nature of the tort and the circumstances permit. (emphasis added)

8. At trial, appellant unsuccessfully sought to introduce a "Employer's Report" to show that before the accident, he was earning $700.00 per week. Appellee objected to the introduction of this exhibit for lack of proper foundation. *See*

J.A. at 68–69, 82. Santana here assigns no error to the exclusion of this exhibit from evidence.

9. This is the rule in Pennsylvania, and we find it to be a most reasonable one. *Piwoz v. Iannacone*, 406 Pa. 588, 597, 178 A.2d 707, 711 (Pa. 1962), *cited in Medunic v. Lederer*, 533 F.2d 891, 894 n. 4 (3d Cir.1976).

10. Courts have interpreted this as requiring corroborative proof of loss of earnings and earning power. *E.g., Medunic*, 533 F.2d at 894 n. 4, (citing *Gordon v. Trovato*, 234 Pa.Super. 279, 286, 338 A.2d 653, 657 (Pa.Super.Ct.1975)).

**IT IS ORDERED:**

**THAT** the Territorial Court's Order dated September 15, 1993 is **AFFIRMED.**