■ CARIBBEAN CONSTRUCTION SERVICES & ASSOCIATES, INC., Respondent, v ZURICH INSURANCE COMPANY, Appellant. [729 NYS2d 27] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered August 3, 2000, which, after a jury trial, awarded plaintiff Caribbean Construction Services the amount of $750,000, together with interest from September 20, 1995 and costs, and order, same court and Justice, entered October 5, 2000, which denied defendant Zurich Insurance Company's motion to set aside the verdict pursuant to CPLR 4404, unanimously reversed, on the law, without costs, and judgment awarded to defendant. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant Zurich issued a bond to discharge a lien filed by plaintiff, a corporation organized under the laws of the United States Virgin Islands, against a construction project owned by Pemberton Resorts, Inc. Plaintiff subsequently obtained an award in arbitration against Pemberton, which was reduced to a judgment in the amount of $153,622 on or about June 3, 1994. Following Pemberton's insolvency, plaintiff demanded payment on the bond from Zurich by letter mailed to its Toronto office, together with a copy of the judgment. Subsequently, a copy of the bond was provided to the surety. By August 10, 1995, Zurich had been informed by its investigator that Pemberton's time to appeal had expired. When Zurich still refused to make payment, plaintiff instituted this action in

September 1995, asserting a single cause of action for enforcement of the lien-discharge bond. The complaint was subsequently amended to add a second cause of action for bad faith refusal to make payment on the instrument. In addition to the principal sum of $153,622, the amended complaint sought punitive damages in the amount of $1,000,000.

Zurich answered that it was being "incorrectly sued as 'Zurich Insurance Company d/b/a Zurich American'" and asserted an affirmative defense claiming that it "is not a proper party to this action and the Complaint against it should be dismissed." Defendant raised the assertion that the Canadian subsidiary was a separate entity from the Swiss parent before this Court (244 AD2d 156) and persisted in the misrepresentation for two years. The defense was ultimately abandoned in connection with a motion decided in late 1997 (order dated October 27, 1997, Lewis Friedman, J.), prompting the court to note that "a great deal of this court's time has been wasted on the issue." The order granted plaintiff summary judgment on its first cause of action, which order this Court affirmed for the reasons stated therein (251 AD2d 238).

Zurich's conduct is reprehensible both for the intransigence displayed towards a rightful claimant and the disrespect accorded to the judicial process. Therefore, there is ample basis for the jury's finding that the insurer acted in bad faith. However, the damages sought by plaintiff have no more substance than Zurich's claim that it was improperly sued. It is plaintiff's contention that had Zurich paid the claim in a timely fashion, plaintiff might still be in business. However, the principal sum involved is paltry in comparison with the company's outstanding obligations during the period for which damages are sought.

The jury's award of $750,000 for lost profits is purely speculative in view of the uncontroverted testimony given by defendant's forensic accountant. Plaintiff sustained a loss of $2 million in 1991, the year the Pemberton project failed. The operating results for 1992 are unavailable because the records were allegedly lost, but in 1993 the company's revenues were a mere $300,000, resulting in an operating loss of $77,000. The company ceased operations and filed for bankruptcy in 1993, by which time some $1.5 million in tax liens had been levied against it. Defendant's expert witness concluded that the corporation had become insolvent in 1991 and that, by the close of 1993, liabilities exceeded assets by $3,210,093.

The law of the Virgin Islands requires that compensatory damages be established "with as much certainty as the nature

of the tort and the circumstances permit" (*Santana v Mack*, 889 F Supp 223, 226, n 7 [DV I 1995] [emphasis omitted], quoting Restatement [Second] of Torts § 912). An award of lost earnings "cannot be based on conjecture and must be supported by something more than the plaintiff's own self-serving statements" (*supra*, at 227 [citation omitted]). Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Friedman, JJ.