**NOLANA FRANKLIN, Plaintiff**

**v.**

**VIRGIN PETROLEUM DIAMOND, INC., Defendant**

Case No. SX-08-CV-378

Superior Court of the Virgin Islands

Division of St. Croix

April 27, 2010

VINCENT COLIANNI, II, ESQ., Colianni & Colianni, Christiansted, St. Croix, USVI, *Attorney for Plaintiff*.

ROSS, *Judge*

## MEMORANDUM OPINION

### (April 27, 2010)

**THIS MATTER** came before the Court for a default judgment hearing on January 4, 2010.[1]

## FACTS

On June 21, 2008, Plaintiff filed a Complaint against Defendant, alleging that on or about August 1, 2007, while walking into Defendant's store at Sunny Isle, St. Croix, she slipped and fell on the wet floor that was recently mopped by Defendant's employee. Plaintiff alleges that the accident was caused by Defendant's negligence in failing to inspect and maintain the premises in a safe condition for its customers, and in failing to warn customers of the dangerous condition created by the wet floor. As a result of Defendant's negligence, Plaintiff sustained a head injury, was prevented from otherwise transacting her business, suffered great pain of body and mind, incurred medical expenses, lost income, and lost future

---

[1] Personal service was attempted on the resident agent of Defendant, but he was unable to be located. The Court granted Plaintiff's Motion for Service by Publication; Plaintiff published the Summons in the St. Croix Avis newspaper, once a week for four consecutive weeks. Defendant failed to plead or otherwise defend within the 20 days allowed by the Federal Rule of Civil Procedure 12(a). On April 23, 2009, an Entry of Default was entered by the Clerk of the Court of the Superior Court. On October 1, 2009, the Court granted Plaintiff's Motion for Default Judgment and scheduled a default judgment hearing on January 4, 2009.

earning capacity, all of which will continue into the foreseeable future. Plaintiff demands judgment against Defendant in an amount within the jurisdictional limits of the Court, plus costs.

Plaintiff appeared with her attorney at the default judgment hearing and made an oral Motion for Appropriate and Fair Reward. Defendant failed to appear. Plaintiff testified to the details of the accident,[2] the injury she sustained as a result and the impact of the accident on her life. The only other witness that testified was Plaintiff's fiancé, Elvis Trevor Roper. Mr. Roper testified to his observation of Plaintiff's injuries and impeded daily activities.

## STANDARD OF REVIEW

█ Absent contrary local laws, the United States Virgin Islands apply the rules of the common law as expressed in the restatements of the law. 1 V.I.C. § 4. The Restatement (Second) of Torts (hereinafter, "Restatement") § 912 provides,

> One to whom another has tortiously caused harm is entitled to compensatory damages for the harm if, but only if, he establishes by proof the extent of the harm and the amount of money representing adequate compensation with as much certainty as the nature of the tort and the circumstances permit.

Comment b states that, ". . . certain pecuniary harms such as loss of earnings may result from harm to the body and that as to these reasonable certainty of proof of the extent of damage is required." RESTATEMENT § 912.

## DISCUSSION

█ In *Santana v. Mack*, a personal injury action, the District Court of the Virgin Islands (hereinafter, "District Court") confirmed the territorial court's finding that plaintiff failed to submit sufficient proof of damages

---

2    Plaintiff: "I walked in the gas station and I noticed the floor was slippery like in a restaurant, and I told the attendant they needed to mop the floor. He told me that is what he was doing. I said you need to mop it again or something, I went to get in the line and I fell backwards and hit my head and pass out for a little while, and I woke up and came to."

and denied plaintiff's request for damages as speculative.[3] 889 F. Supp. 223, 32 V.I. 378. Citing *Connally v. Chardon*, the *Santana* Court stated the following:

> The judge concluded that appellant had failed to produce proof, in addition to his own testimony, sufficient to allow the determination of damages to a "reasonable certainty." The court ruled that "[a]n award for loss income requires corroboration of plaintiff's testimony. **Such award cannot be based on conjecture and must be supported by something more than plaintiff's own self-serving statements.** *Emphasis added.* 1978 St. X. Supp. 372 (D.V.I. App. 1978).

■ In *Connally*, the District Court also noted that, although "[a]s a general rule, lay testimony is sufficient to support a finding of proximate cause. . . , '[e]xpert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury unless the connection is a kind which would be obvious to laymen, such as a broken leg from being struck by an automobile.'" 1978 St. X. Supp. at 377.

### Whether Further Corroboration Was Required to Sustain an Award of Damages in a Personal Injury Case

■ Similar to the plaintiff in *Santana*, Plaintiff did not have any expert witness testify on her behalf. At the default judgment hearing, only Plaintiff and her fiancé testified to her accident, the resulting injury and the impact it had on her life. Consequently, the only proof the Court has in regard to the nature and extent of Plaintiff's injuries is her and her fiancé's testimonies. Following the reasoning of *Connally* and *Santana*, Plaintiff's claims need to be "supported by something more than plaintiff's own self-serving statements." Additionally, in this case, Plaintiff is not claiming a physical or mental injury caused by an accident that is inherently obvious to laymen. At the default judgment hearing, Plaintiff testified to suffering from, *inter alia*, numbness, nerve problems, headaches, backaches, shoulder aches, hard time focusing and problem with memory. However, Plaintiff never provided the Court with any documentation of her test results, treatment or medical receipts. Similarly,

---

[3]     In *Santana*, the appellant's only proof of the nature and extent of his injuries presented and admitted at trial were his own testimony and some medical receipts.

the only evidence of Plaintiff's annual income was Plaintiff's own testimony that she was earning thirty-three thousand dollars ($33,000.00) a year at the Golden Grove Correction Facility for the past three and a half years. At this juncture, the Court does not find that Plaintiff provided enough evidence to establish her injuries and damages with the requisite certainty.

## CONCLUSION

█ Restatement § 912 requires a reasonable certainty of proof for certain pecuniary harms that may have resulted from harm to the body. The Court finds that Plaintiff have failed to produce proof, in addition to her and her fiancé's testimonies, sufficient to allow the determination of most of the claimed damages to a reasonable certainty. Accordingly, the Court will enter a default judgment in favor of Plaintiff and grant Plaintiff's Motion for Appropriate and Fair Reward in the amount consistent with the proof.