**CYNTHIA SMITH, et al., Plaintiffs,**
**v.**
**LUTHER BENJAMIN and CHESTER BRADY, Defendants**

Civil No. 846/1988

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 27, 1994

JOHN W. STRYKER, ESQ., (D'AMOUR, JONES, STRYKER & DUENSING) St. Thomas, V.I., *for plaintiff*

GEORGE M. ETHRIDGE, ESQ., St. Thomas, V.I, *for Luther Benjamin*
STYLISH WILLIS, ESQ., St. Thomas, V.I., *for Chester Brady*

DIASE, JUDGE

## MEMORANDUM OPINION AND ORDER

This Court must address two pending motions. First, the Court must decide whether to grant Defendant Chester Brady's ("Brady") Motion for Relief from the Judgment of January 7, 1992. This Judgment, in essence, determined the central issue in this case, which is whether Plaintiff Cynthia Smith ("Smith") should be granted an easement over Brady's property, Parcel No. 9 Estate Pastory, St. John. Due primarily to the Court's finding that Brady's counsel's conduct constituted sufficient gross neglect and abandonment, and that Brady has raised meritorious defenses, the Court will grant Brady's motion, and as a consequence of granting it, will also vacate the said Judgment, the Judgment dated January 27, 1992, and the Orders dated March 31, 1993 and August 26, 1993.

Second, the Court must decide Smith's Motion for Partial Summary Judgment pertaining to Brady, which was filed on September 23, 1991. The Court's decision to grant Brady's motion for relief revives the issue of whether an easement exists over Parcel No. 9 Estate Pastory and this is at the heart of Smith's assertions in her motion. As there are genuine issues of material facts, the Court will deny Smith's motion.

The facts pertinent to these motions establish that Smith and Brady own adjoining properties in Estate Pastory, St. John. Smith owns Parcel No. 10A Estate Pastory and Brady owns Parcel No. 9 Estate Pastory. Brady's property is between Smith's property and the main public road and consequently controls her direct access to the public road. In her Complaint filed on October 11, 1988 and a Second Amended Complaint filed on August 5, 1993, Smith alleges that in 1988, Brady erected a chain barrier and moved earth across an access road on his property, thereby rendering it impossible for her to have access to her property.[1] She asserts that she has an easement by implication or prescription over Brady's property. Brady denies the existence of an easement. Defendant Luther Benjamin

---

[1] There is a conflict as to when Brady blocked the road. The initial Complaint alledged it was in January, 1988. In her Second Amended Complaint and other documents, Smith asserts that the date was June, 1988.

("Benjamin") is a party to this action because Smith alleges that he represented to her that there was an easement over Brady's property when she acquired her parcel from Benjamin on March 6, 1987.

Simultaneously with filing her Complaint, Smith filed a Motion for Temporary Restraining Order and Preliminary Injunction. Former Judge Henry Smock denied the motion for a temporary restraining order on October 12, 1988, as he found that there was no irreparable harm. The Court noted that Smith had waited more than nine months after the barrier was allegedly erected to seek Court intervention and found that her main item of damage was her inability to continue construction of a house, which was monetarily compensable. The Court further denied the request for a preliminary injunction on December 6, 1988, after a hearing.

In a Court Order dated November 26, 1991, Judge Smock scheduled the matter for trial on December 19, 1991. On that trial date, Smith appeared with her counsel and Benjamin appeared by his counsel. Neither Brady nor his counsel Malcolm Callender, Esq. ("Callender") appeared. Judge Smock proceeded to hear testimony and entered a Judgment on January 7, 1992. The January 7, 1992 Judgment ("Judgment") provided as follows: it declared and confirmed the existence of an easement for access from the public road to Parcel No. 10A Estate Pastory over Parcel No. 9 Estate Pastory, with the easement running over the existing private road used by pedestrians and motor vehicles; it ordered Brady to remove any obstructions within thirty (30) days of the date of the Judgment, failing which Smith could have the obstruction cleared at Brady's expense; it enjoined Brady from blocking or otherwise hindering or restricting access to Smith's property; it further ordered Brady to pay Smith compensatory damages; and it awarded Smith attorney's fees and costs, including interest.

In a letter dated June 5, 1992 to Judge Smock, Brady informed the Court that he did not have a lawyer to represent him and had "lost track with what's going on and I am totally out of the picture of what's being done to me without agreements or negotiations by me." Judge Smock responded in writing by a letter dated June 16, 1992 and advised Brady to contact Callender as he remained his lawyer throughout these proceedings and to obtain a copy of the Judgment from him.

On July 28, 1992, after hiring new counsel, Brady filed a Motion for Relief from this Judgment, pursuant to Rule 60(b)(6) of the Fed-

eral Rules of Civil Procedure. Brady seeks relief on the grounds that the conduct of Callender, his former attorney, amounted to gross neglect and abandonment.

In support of his motion, Brady filed an affidavit in which he avers that on October 28, 1988, he employed Callender to represent him in this action. He states that in May, 1992, after several unsuccessful attempts to contact Callender, he was finally able to reach Callender and Callender told him that he no longer represented him. He further states that he then wrote the Court inquiring about the status of his case and informing the Court that Callender no longer represented him. Upon receiving Judge Smock's letter of June 16, 1992, he first became aware of the Judgment and he then procured a copy of it from the clerk's office.

Smith, in her opposition, asserts that Brady has failed to present a meritorious defense to the Complaint in compliance with Medunic v. Lederer, 533 F.2d 891 (3d Cir. 1976) and, therefore, he is not entitled to the Judgment being vacated. Smith also asserts that she, by way of counsel, attempted to contact Brady by certified mail regarding the Judgment and that the post office returned the letter unclaimed. In addition, Smith claims that another letter was sent by regular mail to advise Brady of the Judgment, and this letter was never returned.

█ Rule 60(b)(6) of the Federal Rules of Civil Procedure permits the Court to relieve a party from a final judgment. Prior to granting a party relief from a judgment, the Court, in exercising its discretion, should consider the following factors:

(1) Whether the defendant has a meritorious defense;
(2) Whether culpable conduct of the defendant led to the default; and
(3) Whether the plaintiff will be prejudiced.

Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982); Medunic v. Lederer, 533 F.2d 891, 893 (3d Cir. 1976). It must be initially stressed here that this Court considers the Judgment to be a default judgment as Brady did not appear at the trial and he had not filed a responsive pleading to the Complaint.

In Medunic, the Third Circuit Court of Appeals emphasized that on a Rule 60(b)(6) motion, the standard imposed should be one of "liberality" rather than "strictness" and "any doubt should be resolved in favor of the petition to set aside the judgment so that

cases may be decided on their merits." Id. at 893–894 (citation omitted). Importantly, the Medunic court reversed the trial court's judgment for damages and remanded the case with instructions to grant the defendant's motion to set aside the default and to grant a new trial.

In reviewing the first of the above stated factors, the Court finds that Brady has raised meritorious defenses. In his affidavit of January 15, 1993, he stated that there is no easement recorded against his property or against any of the neighboring parcels which entitles anyone to have access over his parcel. Also, he states that Gafford Penn ("Penn"), the owner of an adjoining parcel, cut a road through Brady's property using a bulldozer, without his consent, sometime after 1985. Since there had been no right for Penn to do so, he blocked the road. Brady's claims do constitute valid defenses warranting relief from the Judgment.

Additionally, the Court finds that Brady acted promptly in attempting to contact his counsel, informing the Court of his counsel's "withdrawal", and subsequently securing new counsel. His actions were diligent and conscientious. Smith has provided the Court with no evidence of culpable conduct by Brady that would prevent it from granting Brady's motion. Although there is no doubt that Smith will suffer some prejudice by the Court's vacating the Judgment, this prejudice is minimal as the Court is compelled to hear the case on the merits.

Along with the evaluation of the three Feliciano factors, case law also establishes that Rule 60(b)(6) may be invoked upon the showing of an attorney's neglect. In Boughner v. U.S. Secretary of Health, Education and Welfare, 572 F.2d 976 (3d Cir. 1978), the Third Circuit Court of Appeals reversed and remanded a trial court's decision to grant summary judgment because the defendant's attorney had failed to oppose the Secretary of Health's motion. The Court noted that there were instances where an attorney's mistake and misconduct justified such relief. It cited Lucas v. Juneau, 20 F.R.D. 407 (D. Alaska 1957), as authority that "[g]ross neglect and abandoning of [a] client by [an] attorney create an exception to the rule that a client is bound by the acts of an attorney; and also constitute extraordinary circumstances permitting relief from a judgment under Rule 60(b)(6)." Id. at 978, footnote 9.

This ruling was again followed by the Third Circuit in Carter v. Albert Einstein Medical Center, 804 F.2d 805 (3d Cir. 1986), which

involved the district court's dismissal of a complaint due to the plaintiff's failure to submit overdue answers to the defendant's interrogatories. The Appellate Court expressed its disfavor with the dismissal of cases "when the attorney's delinquencies—not the client's—necessitate sanctions." Id. at 808.

A review of the Court's file shows that on December 5, 1988, Callender made his first appearance on behalf of Brady and filed a motion for continuance of the preliminary injunction hearing scheduled for December 6, 1988. This motion was denied and at the December 6th hearing, Lemuel Callwood, Esq. ("Callwood") appeared on behalf of Brady as Callender was unavailable. Eventually, some confusion arose concerning which attorney was counsel of record for Brady. This situation was clarified on July 17, 1991 by Callwood's "Response to Court's Order of June 25, 1991" in which he explained that his one appearance was a "favor" to Callender and that Callender was the true attorney of record for Brady.

■ The Court's Order of November 26, 1991 clearly shows that Callender was notified of the December, 1991 trial date. Not only did Callender, after due notice, fail to make this critical court appearance, but he also neglected to file any response on behalf of his client, Brady, to the Complaint filed on October 11, 1988 and served on Brady on October 26, 1988; to Smith's Motion for a Temporary Restraining Order and Preliminary Injunction; and to Smith's Motion for Partial Summary Judgment against Brady dated September 23, 1991. In fact, Callender remained counsel of record for Brady for over three years and until Stylish Willis, Esq. was substituted as counsel by Order dated July 28, 1992. This Court finds that Callender's conduct constitutes sufficient gross neglect and abandonment toward his client to satisfy Rule 60(b)(6). For all of the foregoing reasons, the Court will grant Defendant Brady's Motion for Relief from the Judgment of January 7, 1992 and vacate it.

As a result of its decision to grant Brady's Motion for Relief, the Court will vacate the subsequent Judgment of January 27, 1992, which ordered Brady to pay Benjamin's costs and attorney fees in the amount of $550.00, and the Order of March 31, 1993, which enforced its January 7, 1992 Judgment requiring Brady to pay Smith $2,215.00 for costs and attorney's fees. Before the Court enforced the Judgment, it should have decided whether to grant Brady's Motion for Relief from Judgment. For over a year, all par-

ties were kept in limbo, however, while the Court was attempting to settle the dispute.

Additionally, the Court will vacate the August 26, 1993 Order as this Order joined Callender as a third party to this action based on his potential liability to Brady for certain costs and attorney's fees. Any claims by Brady against Callender should be brought as a separate civil action for negligence and/or breach of contract and cannot properly be a part of this action.

Now the Court will turn its attention to Smith's Motion for Partial Summary Judgment against Brady. Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court is empowered, pursuant to Rule 56(d), to render a partial summary judgment on uncontroverted material facts. If genuine issues of material facts remain, the Court must deny the moving party's motion for summary judgment.

In her Motion for Partial Summary Judgment, Smith essentially makes three assertions. First, she claims that she is entitled to an easement by implication, based on the Restatement of Property § 474 (1944). Her central argument is the necessity of the easement because she allegedly has no other access to her property. Second, she asserts that an easement by prescription should be declared because her use of the access road across Brady's property has been adverse and has continued uninterruptedly for the prescriptive period of fifteen years. Third and finally, she argues that injunctive relief is necessary to afford her access to and use of her property. On each of these claims, she asserts that no genuine issue of material fact remains, and that summary judgment should be granted in her favor against Brady. The Court, however, disagrees with Smith and finds that significant issues of material fact remain.

In the absence of local laws to the contrary, the restatements of the law approved by the American Law Institute will be the rules of decisions in this jurisdiction. 1 V.I.C. § 4. In regard to Smith's argument that she is entitled to an easement by implication, Section 474 of the Restatement of Property provides that an easement by implication may be created only when land formerly under one ownership is divided into separately owned parts. This type of

easement is created subject to the specific limitations set out in Sections 475 and 476. Such an easement may be granted in favor of one possessor who has or may have a possessory interest in one part, as against one who has or may have a possessory interest in another part. Importantly, the circumstances around the conveyance determine whether the parties intend an easement to be created. Restatement of Property § 474.

Despite Smith's arguments, this Court is not convinced that an easement by implication should be granted as there are genuine issues as to material facts. Although a Deed of Gift dated March 16, 1972 shows that Parcels Nos. 9 and 10 were formerly owned by the same persons, but were later transferred separately, and Parcel No. 10 was subdivided in 1983 by Benjamin, the mere acts of separately selling and then dividing one parcel cannot create an easement. Moreover, according to Section 476(e) of the Restatement of Property, one of the critical facts to be considered in determining whether an easement is implied is the necessity of an easement. Smith, at the December 6, 1988 preliminary injunction hearing, clearly testified that there was another access road to her property—a road which crosses over three or four other parcels to get to her parcel. (See pages 16 through 20 of the transcript of said hearing). In fact, Judge Smock denied Smith's request for a preliminary injunction at this hearing primarily because Smith had access via another road to her parcel. (See pages 60 and 63 of said transcript).

Additionally, Brady, in his Answer to Benjamin's Cross-claim, raises an affirmative defense that "there is an existing access road serving Parcels No. 10 and 10A through the Condominium Road and the Mary Jane Road." This, as well as Smith's testimony, contradict the testimony of Smith's own witness, Penn, the owner of Parcel No. 10, at the December 6, 1988 preliminary injunction hearing, that there is no other access to his and Smith's property except over Brady's property.

A genuine issue of material fact also remains as to whether use of the access road across Parcel No. 9 Estate Pastory was adverse for fifteen years, the period of prescription as established by 28 V.I.C. § 11. The Restatement of Property § 457 defines an easement by prescription as an easement where the use is adverse, continuous and uninterrupted for the period of prescription.

In support of her claim of prescriptive use, Smith offers the testimony of Penn and Norman Blake from the December, 1988 hearing.

Both men testified that the road running over Parcel No. 9 has been in existence and used for travel by pedestrians and motor vehicles in excess of fifteen years prior to it being blocked by Brady in 1988. Brady, on the other hand, contradicts this testimony by his own affidavit and an affidavit of Clement Vanterpool and Kenneth Sewer dated January 15, 1993. Brady states, in his affidavit, that during the years 1980 to 1985, no person utilized any trail or drove any vehicle over his property to gain access to any other adjacent or contiguous parcels. Vanterpool, the former owner of Parcel No. 9, states in his affidavit, that through May of 1977, there were no roads over his parcel and no persons ever used his parcel to gain access to any other parcel. Sewer supports Brady and Vanterpool by stating in his affidavit that he has lived across from Parcel No. 9 since 1970, and except for a trail, there has never been a road over Parcel No. 9 prior to 1985 or 1986 when he observed a road being cut.

Furthermore, the Court, at this time, will deny Smith's request for an injunction as contained in her Motion for Partial Summary Judgment. Correspondence dated January 26, 1993 from Smith's attorney to the Court indicates that the alleged access road was cleared on January 23, 1993. Nothing filed with the Court shows that injunctive relief is necessary or warranted. As such, this Court will deny the request for injunctive relief as not only being moot, but also unmerited.

As a last matter, the Court notes that Brady has not filed an Answer or other responsive pleading to Smith's Second Amended Complaint. The Court will allow Brady ten (10) days to file same. Accordingly, it is hereby

ORDERED that Defendant Brady's Motion for Relief from Judgment of January 7, 1992 is GRANTED and said Judgment is VACATED; and it is

ORDERED that the the Court's Judgment of January 27, 1992 is VACATED; and it is

ORDERED that the Court's Order of March 31, 1993 is VACATED and it is

ORDERED that the Court's Order of August 26, 1993 is VACATED and Defendant Brady's claims against Malcolm Callender, Esq. are dismissed from this action without prejudice; and it is

ORDERED that Plaintiff Smith's Motion for Partial Summary Judgment against Defendant Brady is DENIED; and it is

ORDERED that Defendant Brady shall file an Answer or other responsive pleading to Plaintiff Smith's Second Amended Complaint within ten (10) days of the date of this Order; and it is further

ORDERED that a copy of this Order be directed to John W. Stryker, Esq.; Stylish Willis, Esq.; and George M. Ethridge, Esq.