**THE CHASE MANHATTAN BANK, N.A., Plaintiff,**
**vs.**
**ROBERT LEE MILLER, SUZY EILEEN MILLER, F.M. CAR RENTAL, INC. and AMERICAN EXPRESS TRAVEL RELATED SERVICES d/b/a AMERICAN EXPRESS, Defendants.**

**F.M. CAR RENTAL, INC., Counter-Claim,**
**vs.**
**CHASE MANHATTAN BANK, N.A.,**
**Counterclaim Defendant.**

**F.M. CAR RENTAL, INC.,**
**Cross-Claimant,**
**vs.**
**FOMA, INC., ROBERT LEE MILLER, SUZY EILEEN MILLER, AMERICAN EXPRESS TRAVEL RELATED d/b/a AMERICAN EXPRESS, and INTERNAL REVENUE SERVICE OF THE UNITED STATES,**
**Crossclaim-Defendants.**

Civ. No. 531/1992

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 15, 1998

123

RICHARD FARRELLY, ESQ., (Birch, de Jongh, Hindels & Hall), St. Thomas, Virgin Islands

TRESTON E. MOORE, ESQ., (Law Offices of Treston E. Moore), St. Thomas, Virgin Islands, *Attorneys For Plaintiff Chase Manhattan Bank.*

ARTHUR POMERANTZ, ESQ., St. Thomas, Virgin Islands, *Attorney for Defendants Robert Lee and Susan Miller*

CHARLES E. ENGEMAN, EQ., Dudley, Topper & Feuerzeig, St. Thomas, Virgin Islands, *Attorney For Defendant F.M. Car Rental.*

JAMES CARROLL, ESQ., First Assistant United States Attorney, U.S. Department of Justice, St. Thomas, Virgin Islands, *Attorney For Defendant Internal Revenue Service.*

MEYERS, *Judge*

## MEMORANDUM OPINION

*(Filed September 15, 1998)*

This Matter is before the Court on Defendant/Counter-Claimant, F.M. Car Rental, Inc.'s, Motion for Partial Summary Judgment. Chase Manhattan Bank (Chase Manhattan) initiated this action in which it sought to foreclose its lien against certain real property owned by Robert Lee Miller and Suzy Eileen Miller (The Millers). F.M. Car Rental counterclaimed against Chase Manhattan, and filed for partial summary judgment seeking a superior lien to Chase Manhattan. Chase Manhattan opposed said motion and submitted a cross motion for summary judgment.

There are three issues to be decided by the Court. The first issue is whether F.M. Car Rental, a third-Party priority lien holder, can attain first priority lien holder status in an action where Chase Manhattan consolidated its first priority mortgage with a future

124

advancement and simultaneously releasing and discharging its first priority lien which was recorded subsequent to F.M. Car Rental's lien. The second issue is whether F.M. Car Rental is protected by Virgin Islands recording statute. The final issue is whether the doctrine of subrogation applies to the proceeds advanced by Chase Manhattan on December 30, 1986.

Based on the foregoing analysis, the Court holds that F.M. Car Rental did not attain first priority lien holder status. The Court further holds that F.M. Car Rental is not protected by the recording statute. Finally, the Court concludes that the doctrine of equitable subrogation is applicable to Chase Manhattan's future advancement and consolidation thereby protecting its status as first priority lienholder. Consequently, F.M. Car Rental's motion for partial summary judgment will be denied. The Court, being satisfied that there remains no genuine issue of material fact regarding Chase Manhattan's first priority status, will enter summary judgment as a matter of law in favor of Chase Manhattan.

## I. FACTS

On December 30, 1986, the Millers, executed a promissory note in favor of Chase Manhattan in the amount of One Hundred Fifty Four Thousand Dollars ($154,000.00), together with interest provided. The note was secured by a mortgage in favor of Chase Manhattan by property owned by the Millers and described as Parcel No. 14-51 Estate Bonne Resolution, No. 5 Little Northside Quarter, St. Thomas, U.S. Virgin Islands, (hereinafter referred to as "subject property"), shown on P.W.D. No. A9-157-T71, and recorded at the office of the Recorder of Deeds, Division of St. Thomas and St. John, on December 30, 1986, in Book 29-Q, Page 195, Document No. 6904.

The proceeds of the Chase Manhattan loan were primarily used to satisfy two prior outstanding mortgages on the subject property. First, on December 14, 1984, the Millers executed a note in favor of Chase Manhattan in the amount of Eighty Five Thousand Dollars ($ 85,000.00), together with interest. This note was later canceled when Chase Manhattan received full payment and satisfaction of same from the proceeds provided by that bank pursuant to the 1986 Chase Manhattan mortgage and note. Secondly, the Millers

executed a note in favor of David T. Ridel and Charles R. Lynn in the amount of Fifty Thousand Dollars ($50,000.00) on December 14, 1984, together with interest. The Ridel/Lynn note was subsequently assigned to Bank of America, but it was canceled when complete and full satisfaction of the indebtedness was made from the funds provided by Chase Manhattan, pursuant to the 1986 mortgage and note in the amount of One Hundred Fifty Four Thousand Dollars ($154,000.00).

The Millers were corporate officers of FOMA, Inc., a local corporation with its principal place of business in the Virgin Islands. On December 17, 1986, FOMA executed two (2) promissory notes in favor of F.M. Car Rental in the amounts of One Hundred Eighteen Thousand Dollars ($118,000.00) (note 1), and Twenty Thousand Dollars ($20,000.00), (note 2), respectively.[1] Repayment of both FOMA loans were jointly and severally guaranteed by the Millers by mortgaging the subject property in favor of F.M. Car Rental. The notes further provided that upon default, F.M. Car Rental may declare the entire indebtedness due and payable.

FOMA defaulted on note 1 by failing to repay the principal and interest when due. As a result of FOMA's default, F.M. Car Rental demanded payment of the entire unpaid balance with accrued interest. Notwithstanding this demand, FOMA and the Millers failed to make full and final payment of this debt. Consequently, Chase Manhattan filed its Complaint against the Millers for debt and foreclosure of its interest pursuant to the Millers' mortgage and note agreement of December 30, 1986, joining all lienholders of record. F.M. Car Rental subsequently filed its answer, counterclaim, and cross-claim to collect its unpaid debt.

## II. DISCUSSION

### A. Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure requires that "the pleadings, depositions, answers to interrogatories and admissions

---

[1]The second note in the amount of Twenty Thousand Dollars ($20,000.00) was canceled when complete and full satisfaction of the indebtedness was paid personally by the Millers.

on file, together with affidavits, if any, must show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56(c) (1987). Summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial". *Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990); *Celotex v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). However, a Court must view the facts from the evidence submitted in the light most favorable to the non-moving party, and take the nonmovant's allegation as true. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 50 L. Ed. 2d 748, 97 S. Ct. 732 (1977); also see *Chase Manhattan Bank, N.A. v. Power Products, Inc.*, 27 V.I. 126, 128 (Terr. Ct. 1992); *Battle v. Industrious*, 26 V.I. 83, 85 (Terr. Ct. 1991).

## B. Whether F.M. Car Rental, a third-party priority lien holder, can attain first priority lien holder status as a result of Chase Manhattan consolidating its first priority mortgage with a future advancement while simultaneously releasing and discharging its first priority lien, and as part of the same transaction, replacing it with a new mortgage.

The issue stated above appears to be one of first impression. Absent local law to the contrary, the common law as stated in the Restatement controls. V.I. Code Ann. tit. 1, § 4 (1993), *Tourism Industries v. Dennis Hourigan*, 31 V.I. 91, 94 (Terr. Ct. 1995), *Smith v. Benjamin*, 30 V.I. 51, 57 (Terr. Ct. 1994). The drafters of the Restatements recently approved certain provisions of Restatement (Third) of Property (Mortgages). Two provisions, § 7.3 involving the replacement and modification of senior mortgages, and § 7.6 involving the doctrine of subrogation, are directly applicable to this dispute.[2]

---

[2] The Court is aware that both mortgages issued by Chase Manhattan Bank and Bank of America were "purchase money mortgages" thereby entitling them to "super" priority interest in the property whether or not recorded. However, such interest is subject to one exception. The exception provides that no unrecorded mortgage, lien, or other claim shall be superior against a mortgage, lien or other claim subsequently recorded unless it gives notice. See, Restatement (Third) of Property (Mortgages) § 7.2(B) (1997).

Section 7.3 of the Restatement (Third) of Property (Mortgages) applies when a lender replaces a senior mortgage with a new mortgage with a variety of modifications in the terms of the mortgage and the obligation is secured. Section 7.3 (a) states as follows:

> If a senior mortgage is released of record and, as part of the same transaction, is replaced with a new mortgage, the latter mortgage will regain the same priority as its predecessor, except (1) to the extent that any change in terms of the mortgage or the obligation it secures is materially prejudicial to the holder of a junior interest in the real estate, or (2) to the extent that one who is protected by the recording act and acquires an interest in the real estate at a time that the senior mortgage is not of record.

Restatement (Third) of Property (Mortgagees) § 7.3(a)(1)(2), (1997). Undoubtedly, § 7.3 applies to the case *sub judice* because there was (1) a senior mortgage issued by Chase Manhattan; that (2) was released of record; and (3) as part of the same transaction, was replaced with a new mortgage (the consolidated mortgage). However, the Drafters provided two important exceptions to the general rule.

The first exception to § 7.3 of the Restatement requires that "[u]nless the original mortgage validly secures future advances ... it would be unfair to subordinate the intervening lienor to a replacement mortgage balance that [the intervening lienor] would have no reason to anticipate." Restatement (Third) of Property (Mortgages), § 7.3 cmt. b (1997). Title 28, Section 1032(a) of the Virgin Islands Code further addresses the issue of "future advances". It states in pertinent part:

> **Any mortgage or other instrument given for the purpose of creating a lien on real property may,** and when so expressed therein, or when so expressed in a separate loan agreement specifically referred to therein and incorporated by reference (which loan agreement

need not be recorded) **shall secure not only existing indebtedness, but also future** advances, whether such advances are obligatory or to be made at the option of the lender, or otherwise to the same extent as if such future advances were made on the date of the execution of such mortgage or other instrument, although there may be no advance made at the time of the execution of such mortgage or other instrument and although there may be no indebtedness outstanding at the time any advance is made. Such lien, as to third persons with or without the actual knowledge therein, shall be valid as to all such indebtedness as future advances from the time the mortgage or other instrument is recorded as provided by this title. (emphasis added).

Furthermore, Section 1032(b) states explicitly that a future advance made pursuant to these provisions "shall have preference to and priority over any lien which is subsequent in time to the time such mortgage or other instrument is recorded as provided by this title". V.I. Code Ann. tit. 28, § 1032(b)(1992).

█ The 1984 mortgage agreement between Chase Manhattan and the Millers contained a clause that specifically provided for the issuance of future advances. The language of the clause reads as follows:

Upon request by Borrower, Lender, at Lender's option prior to discharge of this Mortgage, may make Future Advances to Borrower. Such Future Advances, with interest thereon, shall be secured by this Mortgage when evidence by promissory notes stating that said notes are secured hereby.

The future advance clause is commonly used among banking institutions to facilitate the means by which a mortgagee can give to the mortgagor refinancing of an existing loan while protecting its priority lien interest as to specific collateral. The terms of the 1984 mortgage loan were not changed by the execution of the replacement/consolidated loan. By its very term, the Chase Manhattan loan provided for the making of future advances without losing its priority status. Consequently, F.M. Car Rental will not

prevail by arguing that it was materially prejudiced by the future advancement because Chase Manhattan simultaneously released and cancelled its original 1984 loan. F.M. Car Rental argues that its lien was recorded on December 18, 1986, while Chase Manhattan's lien was recorded on December 30, 1986, thereby giving it superior status to Chase Manhattan's interest. This argument, however, fails to consider § 7.3 of the Restatement and 28 V.I.C. § 1032. Application of the aforestated sections to the facts of this case can only lead to the conclusion that F.M. Car Rental had actual notice of Chase Manhattan's 1984 priority mortgage lien when its lien was recorded on December 18, 1986. Therefore, the Chase Manhattan's superior lienholder status is protected by said provisions.

## C. Whether F.M. Car Rental is protected by the Virgin Islands recording statute.

The second exception to § 7.3 of the Restatement and the next argument advanced by F.M. Car Rental addresses the protection of the recording statute. Title 28, § 124 of the Virgin Islands Code states that:

> Every conveyance of real property hereafter made within the Virgin Islands which is not filed for record shall be void against any subsequent innocent purchaser in good faith and for valuable consideration of the same real property, or any portion thereof, whose conveyance is first duly recorded.

V.I. Code Ann. tit. 28, § 124 (1957). Relying on § 124, F.M. Car Rental argues that Chase Manhattan lost its priority status because Chase Manhattan canceled its mortgage lien while F.M. Car Rental's lien was still on the books. F.M. Car Rental bases its conclusion on its belief that § 124 is a pure race statute, i.e., first in time, first in right.

■ Section 124 is a race-notice statute and not a pure race statute as argued by F.M. Car Rental.[3] In essence, the statute applies when

---

[3] Various states have similar race-notice statutes. For example see Maryland (MD Code Ann. [Real Prop.] § 3-203 (1981)); Michigan (Mich Stat. Ann. § 26.547 (Callaghan 19780); New Jersey (N.J. Stat. Ann § 46:22-1 (West 1940)); New York (N.Y. [Real Prop.] Law § 291 (Mc. Kinney 1989)); Pennsylvania (PA. Stat. Ann. Tit. 21 § 351 (1955)); Wisconsin

one party records a mortgage lien without notice of a previous unrecorded lien. *See Royal Bank of Canada v. Clarke,* 373 F. Supp. 599, 601-602 (D.V.I. 1974). The party must also be an innocent purchaser in good faith and tender valuable consideration in order to receive priority protection from the statute. V.I. Code Ann. tit. 28, § 124 (1957). F.M. Car Rental's lien was recorded on December 18, 1986, two years after the recording of Chase Manhattan's lien against the same property. Despite Chase Manhattan's cancellation of the December, 1984 loan and consolidation of the December 30, 1986, future advancement, Chase Manhattan's superior lienholder status remained unchanged. Chase Manhattan's superior status is supported by the future advancement clause found in its contract, as well as the widely accepted application of Section 7.3 of the Restatement (Third) of Property (Mortgages) which protects a senior mortgage that was released, and as part of the same transaction, was replaced with a new mortgage. Though F.M. Car Rental's purchase was made in good faith for valuable consideration, such purchase was made with notice of Chase Manhattan's prior recorded lien. F.M. Car Rental's reliance on section 124 is misplaced.

### D. Whether the doctrine of subrogation applies to the proceeds advanced by Chase Manhattan on December 30, 1986.

Bank of America originally held a second priority security interest on the subject property in the amount of Fifty Thousand Dollars ($50,000.00). On December 30, 1986, Chase Manhattan executed the replacement mortgage, of which a portion of the proceeds was used to pay off the debt owed to Bank of America by the Millers. The total amount of the Chase Manhattan loan was One Hundred Fifty Four Thousand Dollars ($154,000.00), of which a disbursement was made to Bank of America in the amount of Fifty Three Thousand, Four Hundred Twenty Seven Dollars and Fourteen Cents ($53,427,14). The doctrine of subrogation permits a lender who pays off an existing encumbrance to assume the same

---

(WS. Stat. § 706-08(1)(a)(2) (1980)). For case law, *see Lown v. Nichols Plumbing & Heating, Inc.,* 634 P.2d 554 (Alaska 1981). However, for an example of a pure race statute see North Carolina (N.C. Gen. Stat. § 47-27 (1984)).

priority position as the holder of that encumbrance. When applied, the doctrine would serve to place Chase Manhattan as second priority lienholder. Section 7.6(a) of the Restatement (Third) of Property (Mortgages) sets forth the definition of equitable subrogation requiring that it shall apply when:

> One who fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment. Even though the performance would otherwise discharge the obligation and the mortgage, they are preserved and the mortgage retains priority in the hands of the subrogee.

Restatement (Third) Of Property (Mortgages) § 7.6(a) (1997). Further, the Restatement lists reasons in which the doctrine of subrogation can apply. Specifically, section 7.6(b)(4) states:

> By way of illustration, subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs the obligation: .... (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate.

Restatement (Third) Of Property (Mortgages) § 7.6(a)(4), (1997).

■ The above cited subsection is applicable to the facts of this case. At the Millers' request, Chase Manhattan repaid their loan to Bank of America. Chase Manhattan, therefore, by operation of law, became the subrogee to the rights and obligation of the Bank of America's loan and retained the second priority position in the priority chain. F.M. Car Rental was aware it was third in line of priority when it originally recorded its lien against the subject

property.[4] Because F.M. Car Rental had actual knowledge it was third in line as lienholder, it cannot now argue in good faith that it is materially prejudiced by the Chase Manhattan transactions. F.M. Car Rental is in no worse position now than it was at the time prior to Chase Manhattan becoming subrogated to Bank of America's second priority interest. Moreover, Chase Manhattan, in addition to its first priority status, retains second priority status as a result of the aforestated subrogation. To elevate F. M. Car Rental from third to first priority lienholder would give F.M. Car Rental an unjust advantage. Chase Manhattan has superior priority status over F.M. Car Rental to collect its foreclosed debt, plus interest and penalties. Accordingly, Chase Manhattan is entitled to first priority status for the full balance of One Hundred Fifty-Four Thousand Dollars ($154,000.00), plus interest and penalties.

## III. CONCLUSION

Based on the foregoing facts presented in this case, the Court concludes that F.M. Car Rental has failed to prove that summary judgment should be granted in its favor. The Court finds, however, that no genuine issue of material fact remains to be decided as to Chase Manhattan's status as superior priority lienholder in this

---

[4]The Official Comments also addresses the problem of when a mortgagee who pays a preexisting mortgage has notice of the intervening interest at the time of repayment. The Comments state:

Many judicial opinions dealing with a mortgagee who pays a preexisting mortgage focus on whether the payor had notice of the intervening interest at the time of the payment. Many cases disqualify the payor who has actual knowledge of the intervening interest, although they do not consider constructive notice from the public records to impair the payor's right of subrogation. Under this Restatement, however, subrogation can be granted even if the payor had actual knowledge of the intervening interest; the payor's notice, actual or constructive, is irrelevant. **The only question in such cases is whether the payor reasonably expected to get security with a priority equal to the mortgage being paid. Ordinarily, lenders who provide refinancing desire and expect precisely that, even if they are aware of an intervening lien** .... A refinancing mortgagee should be found to lack such an expectation only where there is affirmative proof that the mortgagee intended to subordinate its mortgage to the intervening interest. (emphasis added).

Restatement (Third) of Property (Mortgages) § 7.6(a)(b) cmt. e (1997).

action. Accordingly, summary judgment will be denied as to F.M. Car Rental and granted in favor of Chase Manhattan Bank. A judgment consistent with this opinion is append hereto.

Dated this 15th day of September, 1998.